UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

HOMEMAKERS REAL ESTATE, LLC,

Debtor.

CASE No. 6:25-bk-02685-GER
Chapter 11

**MOTION TO DISMISS BANKRUPTCY CASE FOR LACK OF CORPORATE AUTHORITY**

Creditors and Movants, PEDIXON LLC and ZPD, LLC (collectively "Movants"), by and through counsel, hereby moves the Court for entry of an Order Dismissing this Bankruptcy Case for Lack of Corporate Authority pursuant to section 1112(b)(1) of the Bankruptcy Code (the "Motion"), and in support of the Motion, respectfully states:

**PARTIES AND JURISDICTION**

1. On May 5, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. This is a core proceeding that the Court has jurisdiction over pursuant to 28 U.S.C. Section 157(b)(2)(A) and 28 U.S.C. Section 1334. Venue is proper pursuant to Sections 1408 and 1409. The relief requested is based upon Section 1112 of the Bankruptcy Code.

**PERTINENT BACKGROUND**

3. The Debtor commenced its business in or around December of 2008. The Debtor originally had two members, Horton Johnson, and Marty Flynn.

4. Mr. Flynn and Mr. Johnson signed an Operating Agreement effective December 15, 2008. Section 9 of the Operating Agreement requires the consent of all members to "cause the

company to file bankruptcy protection." A copy of the Operating Agreement is attached hereto as **Exhibit "A."**

5. On or about July 1, 2011, Mr. Flynn agreed to surrender his interest to Mr. Johnson, leaving Mr. Johnson as the sole member. **See Exhibit. B**.

6. The Debtor is a guarantor of certain loans owed to Movants, including a loan made to Tiered Capital, Inc. ("**TC**").

7. TC defaulted under its loan obligations and on January 9, 2024, Horton Johnson, the sole membership unit holder in Homemakers Real Estate, LLC, assigned to Crescent Sound, LTD., as Trustee of the Tiered Land Trust u/t/d 9/13/2023 (the "**Trust**") "all of my right title and interest in and to all of the issued and outstanding membership units of Homemakers Real Estate, LLC, a Florida limited liability company" (the "**Assignment**"). A copy of the Assignment is attached hereto as **Exhibit "C."**

8. On the Petition Date, the Debtor filed its Certificate of Authorization to File Bankruptcy Petition (Doc. No. 4) (the "**Certificate**"). Attached to the Certificate is a "Resolution of the Sole Member of Homemakers Real Estate, LLC (the "**Resolution**"). The Resolution is signed by Mr. Johnson as the "sole member" of the Debtor and is based on his alleged authority as sole member.

9. Due to the Assignment, the Trust is the sole member of the Debtor, not Mr. Johnson.

## RELIEF REQUESTED

10. Section 1112(b)(1) of the Bankruptcy Code requires that a court shall dismiss a bankruptcy case for "cause." Several courts have held that "when a bankruptcy case is filed without the requisite authority, dismissal is mandated." In re Arista Imaging of N. Miami, LLC, 2020 WL 609613 * 11 (Bankr. S.D. Fla 2020) (multiple citations omitted).

11. In the Resolution, Mr. Johnson claims he had the authority to file this bankruptcy case because he is the sole member of the Debtor. However, that is not the case. The Trust is the sole member due to the Assignment. Under Florida law, and section 9 of the Operating Agreement, as sole member, only the Trust is authorized to file a bankruptcy petition and it is the Trustee who would execute such authorization. See Sec. 605.0401, Fla. Stat., Sec. 605.0407 (presumption that LLC's are member-managed); Sec. 605.04073, Fla. Stat. (voting rights are proportionate to membership interest).

WHEREFORE, Movant requests this bankruptcy case be immediately dismissed for cause and lack of corporate authority under section 1112(b)(1) of the Bankruptcy Code and for such other and further relief the Court deems just and proper.

DATED: May 8, 2025.

*/s/ James A. Timko*
James A. Timko, Esq.
Florida Bar No. 0088858
**DEAN, MEAD, EGERTON, BLOODWORTH, CAPOUANO & BOZARTH, P.A.**
420 S. Orange Avenue, Suite 700
Orlando, Florida 32801
Telephone: 407-841-1200
Facsimile : 407-423-1831
Email: jtimko@deanmead.com
***Counsel for Movants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties listed below by ECF notification (if they receive ECF notification) and U.S. mail on this 8th day of May, 2025:

**Debtor**
Homemakers Real Estate, LLC
201 Ivory Coral Lane.
Merritt Island, FL 32953

**Debtor's Counsel**
Frank M. Wolff
Nardella & Nardella, PLLC
135 W. Central Blvd., Ste 300
Orlando, FL 32801

**U.S. Trustee**
United States Trustee – ORL
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

**Counsel for U.S. Trustee**
Audre M. Aleskovsky
DOJ-UST
United States Trustee
400 W. Washington St. Ste 1100
Orlando, FL 32801

and the parties-in-interest matrix attached hereto.

*/s/ James A. Timko*
JAMES A. TIMKO, ESQ.



5654606.v1

Label Matrix for local noticing
113A-6
Case 6:25-bk-02685-GER
Middle District of Florida
Orlando
Thu May 8 13:56:27 EDT 2025

Homemakers Real Estate, LLC
201 Ivory Coral Lane
Merritt Island, FL 32953-4111

Grace E. Robson
Orlando
, FL

Brevard County
Tax Collector
1605 N. Courtenay Pkwy
Merritt Island, FL 32953-4338

Cape Crossing
Condominium Assocation, Inc
c/o Keystone Property Mngmnt
780 US Highway 1, Ste. 300
Vero Beach, FL 32962-1660

Cape Crossing Condominium
Assocation, Inc.
202 Ivory Coral Lane
Merritt Island, FL 32953-4105

Cape Crossing Townhomes
Homeowners Association
c/o D. Johnathan Rhodeback
1565 US. Hwy 1
Sebastian, FL 32958-3895

Cape Crossing Townhomes
Homeowners Association, Inc
c/o Keystone Property Mngmnt
780 US. Hwy 1, Ste. 300
Vero Beach, FL 32962-1660

Carton Family Trust of 1992
dated October 14, 1992
12910 Lomas Verdes Drive
San Diego, CA 92064-1250

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

GellerRagans, CPA
110 N. Orange Ave
Orlando, FL 32801-2375

Horton S. Johnson
2875 S. Orange Ave
Suite 500 #6409
Orlando, FL 32806-5455

IMQA Investments Inc
4409 Hoffner Ave #348
Orlando, FL 32812-2331

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Kenneth Dixon
1627 E Vine Street
Suite E
Boynton Beach, FL 33474

Kenneth Dixon
c/o Tucker H. Bird, Esq.
180 N. Park Ave Ste. 2A
Winter Park, FL 32789-7401

Mainstreet Community Bank
204 S. Woodland Blvd
Deland, FL 32720-5414

Nelson Mullins
Rile & Scarborough, LLP
390 N. Orange Ave
#1400
Orlando, FL 32801-1687

Orange County Tax Collector
PO Box 545100
Orlando FL 32854-5100

Tamamoi, LLC
5060 SW Philomath Blvd #363
Corvallis, OR 97333-1044

Frank M Wolff +
Nardella & Nardella. PLLC
135 W. Central Blvd
Suite 300
Orlando, FL 32801-2435

United States Trustee - ORL +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Audrey M Aleskovsky +
DOJ-Ust
400 W. Washington St.
Ste 1100
Orlando, FL 32801-2210

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

(u)Note: Entries with a '+' at the end of the
name have an email address on file in CMECF

---

Note: Entries with a '-' at the end of the
name have filed a claim in this case

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 22 |
| Bypassed recipients | 2 |
| Total | 24 |

# OPERATING AGREEMENT
# OF
# HOMEMAKERS REAL ESTATE, LLC

**THIS OPERATING AGREEMENT** (this "**Agreement**") is made effective as of the 15th day of December, 2008, by Horton Johnson, and Martin C Flynn, Jr. ("The Members") the two members of Homemakers Real Estate, LLC (the "**Company**").

**W I T N E S S E T H:**

**WHEREAS**, the Company was formed on the December 8, 2008 upon the filing of Articles of Organization in accordance with and pursuant to the Florida Limited Liability Company Act (the "**Act**").

**WHEREAS,** "The Members" are the only members of the Company and in that capacity are referred to as the "**The Members**."

**NOW, THEREFORE**, in consideration of the foregoing, the Members hereby adopt this Agreement as the operating agreement of the Company:

1. <u>Operation of the Company</u>. The Company shall operate as provided in this Agreement and pursuant to the Act, as the Act may be amended from time to time; provided, however, that if there is any inconsistency between any provision of the Act and the provisions of this Agreement, the provisions of this Agreement shall govern to the extent permitted by the Act.

2. <u>Name</u>. The name of the Company is "**Homemakers Real Estate, LLC**" and title to all assets of the Company shall be held in such name. The business of the Company shall be conducted under such name.

3. <u>Purpose of the Company</u>. The purpose of the Company shall be to engage in such activities as may be permitted by law.



EXHIBIT
A

4. **Company Filings**. The Managers shall execute and file all documents required by the Act to be filed in connection with the continuation of the Company.

5. **Place of Business**. The principal address of the Company shall be such place or places as the Managers may determine. The Managers will give notice to the Member promptly after any change in the location of the principal office of the Company.

6. **Term**. The Company shall continue until dissolved and liquidated pursuant to the provisions of Section 11 hereof.

7. **Interests of Members**. Horton Johnson and Martin C Flynn, Jr. will each own Fifty percent (50%) of the membership interests in the Company. Any and all transfers of membership interests must be made with the prior written consent of all members.

8. **Capital Contribution**. Each member will make capital contributions to the Company as needed and agreed upon between members.

9. **Management Powers of the Managers.** The management, operation and control of the Company shall vest solely in the Members. Accordingly, the Managers shall have all necessary and appropriate powers to carry out the purposes of the Company, including, without limitation, the power to execute, acknowledge and deliver any and all documents and instruments deemed appropriate to carry out any of the foregoing or the purposes and intent of this Agreement. Notwithstanding any of the foregoing, the Members shall not take any of the following corporate actions without the consent of all members.

**i.)** Cause the Company to merge or consolidate with any entity, where applicable, nor acquire all or any substantial part of the assets or stock of any third party person or entity.

**ii.)** Create, incur, assume or suffer to exist any indebtedness.

**iii.)** Enter into any transaction, which materially and adversely affects or may materially and adversely affect the Company's Business operations.

**iv.)** Cause the Company to guarantee, assume, endorse or otherwise, in any way, become directly or contingently liable with respect to the indebtedness of any person or entity



HJ

**v.)** Cause the Company to create or suffer to exist any lien upon any of its property, income or profits, whether now owned or hereafter acquired.

**vi.)** Cause the Company to create any subsidiary or divest itself of any material assets by transferring them to any subsidiary.

**vii.)** Cause the Company to enter into any new business or make any material change in the Company's current business objectives, purposes and operations, where applicable.

**viii.)** Cause the Company to make any agreements to sell, lease or otherwise dispose of any of the Company's assets.

**ix.)** Cause the Company to use any corporate name (other than the Company's legal name), as applicable, or any fictitious name, trade name or "d/b/a".

**x.)** Cause the Company to own, purchase or acquire (or enter into any contract to purchase or acquire) any "margin security", as defined by any regulation of the Federal Reserve Board, as now in effect or as the same may hereafter be in effect unless, prior to any such purchase or acquisition will not cause this Agreement to violate Regulations G, T, U or X or any other regulation of the Federal Reserve Board then in effect.

**xi.)** Cause the Company to change its fiscal year, where applicable.

**xii.)** Cause the Company to file for bankruptcy protection or make an assignment for the benefit of creditors.

10. **Profits and Losses.** The profits and losses of the Company shall be the profits and losses of the Company as determined for Federal income tax purposes. The profits and posses of the Company and each item of income, gain, loss, deduction or credit entering into the computation thereof, shall be allocated to the Members in the same proportions that they share in distributions of Cash Flow pursuant to Section 11, or if there is no Cash Flow, that they would have shared if there had been Cash Flow.

11. **Distributions**. The Company shall distribute to the Member from time to time all cash (regardless of the source thereof) of the Company which is not required for the operation or



HSJ [handwritten initials]

the reasonable working capital requirements of the Company, (such cash is sometimes referred to herein as "Cash Flow").

11. **Dissolution**. The Company shall be dissolved upon the first to occur of: (a) the date approved by the Members, or (b) 5:00 p.m., December 31, 2035.

**IN WITNESS WHEREOF,** the Members, intending legally to be bound, has executed this Agreement as of the day and year first above written.

**MEMBER:**

**Homemakers Real Estate, LLC**

Horton Johnson December 17, 2008

Martin C. Flynn, Jr. December 17, 2008

# MODIFICATION

This Modification (Modification) dated this 1st day of July, 2011, is to that certain Operating Agreement (Agreement) made and executed on December 15, 2008, by and between Horton Johnson (Johnson) and Martin C. Flynn, Jr. (Flynn) (collectively, the Members) of Homemakers Real Estate, LLC (the Company).

## WITNESSETH:

**WHEREAS**, the Company was formed on December 8, 2008 upon the filing of Articles of Organization in accordance with and pursuant to the Florida Limited Liablity Company Act (the Act);

**WHEREAS**, the Members were the only Members of the Company;

**WHEREAS**, it is the desire of the parties, at this point, to modify that certain Agreement by entering into the terms of the Modification provided here.

**NOW, THEREFORE**, in consideration of the foregoing, the Members hereby modify the Agreement as set forth.

1. **Surrender of Interest.** Flynn hereby surrenders his interest in the Company and tenders his Certificate of interest contemporaneously herewith.

2. **Option to Purchase**. Flynn shall be entitled to purchase an interest equal to fifty (50%) percent of the outstanding membership interest in the Company for a sum equal to the difference between the Company's payable owed to Johnson outstanding at the time of purchase, minus the sum of twenty-five thousand dollars (25,000.00).

3. **Waiver and Release**. Flynn shall have no further interest in and to the assets of the Company upon execution hereof.

IN WITNESS WHEREOF, the Members, intending legally to be bound, have executed this Modification as of the day and year first above written.

Horton S Johnson
Horton Johnson, Member

[signature]
Martin C. Flynn, Jr., Member

**EXHIBIT**
**B**

**Assignment of Membership Units**

I, Horton S. Johnson, as the sole owner and holder of all of the issued and outstanding membership units of Homemaker Real Estate, LLC, and in consideration of the loan accommodations made by PEDIXON, LLC, a Florida limited liability company, do now assign the following unto Crescent Sound, Ltd., as Trustee of the Tiered Land Trust u/t/d 9/13/2023: all of my right, title and interest in and to all of the issued and outstanding membership units of Homemakers Real Estate, LLC, a Florida limited liability company.

I have executed this assignment in Orlando, Florida on this 9th day of January 2024.

*Horton S. Johnson*
*Manager of*
*Homemakers Real Estate, LLC*

STATE OF FLORIDA
COUNTY OF Orange

THE FOREGOING INSTRUMENT WAS sworn to (or affirmed) and subscribed before me by means of ✓ physical presence or __ online notarization on January 9, 2024, by Horton S. Johnson.

Notary Public, State of Florida
Name: Janelle Morea
(Please print or type)

Commission Number: HH077342
Commission Expires: 1/5/2025

Janelle Morea
Notary Public
State of Florida
Comm# HH077342
Expires 1/5/2025

Notary: Check one of the following:
____ Personally known OR
✓ Produced Identification (if this box is checked, fill in blank below).
Type of Identification Produced: License

HSJ

**EXHIBIT**
**C**

**ALISON PITKANEN LAW FIRM LLC**
**1980 N. Atlantic Ave, Suite 328, Cocoa Beach, FL 32931**
**Phone: (407) 449-0037**
**Email: alisonpitkanen@gmail.com**

January 9, 2024

Homemakers Real Estate, LLC
Horton S. Johnson
2875 S. Orange Ave.
STE 500 #6409

Sent US Mail and Via Email to Horton S. Johnson
wjohnsonbbf@gmail.com

RE: PEDIXON LLC ("PEDIXON") loan to Tiered Capital, Inc. ("Tiered") as consolidated and agreed upon in September 2023 (the "Consolidated Loan Agreement") for a total loan amount of Ten Million Six Hundred Twenty-Five Thousand Dollars and No/Cents ($10,625,000) (the "Total Loan Amount").

Dear Mr. Johnson:

As you have been previously informed, there have been numerous monetary and non-monetary defaults under the Consolidated Loan Agreement since November 1, 2023.

This shall serve as notification that PEDIXON has exercised its rights under the Consolidated Loan Agreement as to Homemakers Real Estate, LLC. As a result, Horton S. Johnson has agreed to relinquish control of all of its membership units.

As a result of the express monetary default, the undersigned has been authorized and directed to release the following unto PEDIXON: all membership units of Homemakers Real Estate, LLC.

Please execute the attached to acknowledge notification and agreement hereof, and I will release said assignment of membership units directly to PEDIXON.

If you have any questions regarding this matter, please feel free to contact me.

Respectfully,

Alison Pitkanen

Alison Pitkanen, Esquire

cc: PEDIXON, LLC