UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

HOMEMAKERS REAL ESTATE, LLC,

Debtor.
_________________________________/

Case No.: 6:25-bk-02685-GER
Chapter 11

**DEBTOR'S RESPONSE TO MOTION TO DISMISS BANKRUPTCY CASE FOR LACK OF CORPORATE AUTHORITY**

Debtor, Homemakers Real Estate, LLC ("Homemakers"), files this response to the Motion to Dismiss Bankruptcy Case for Lack of Corporate Authority (Doc. No 12) (the "Motion") filed by PEDIXON LLC and ZPD LLC and says:

**INTRODUCTION**

1. The Debtor is Florida Limited Partnership

2. The sole member of the Debtor is Horton S. Johnson ("Johnson").

3. The Debtor owns twenty-six condominiums and townhomes in Brevard County, Florida (the "Homemakers Property"). The Homemakers Property is income producing properties with significant rental income.

4. On or about September 13, 2023, the Debtor entered into an agreement with PEDIXON LLC and ZPD LLC, ("Movants") (the "Loan Agreement" or the "Consolidated Loan Agreement"). Under the Loan Agreement the Debtor and. Johnson guaranteed certain obligations owed by Tiered Capital, Inc. The Loan Agreement Is attached hereto as **Exhibit "A"**.

5. The Loan Agreement called for the pledge of the Homemakers Property as security for the guaranty. The Loan Agreement does refer to the pledge of stock to secure the loan, but not the stock in the Debtor.

6. Under the Loan Agreement “Trust Property” is defined as the “Property and the Stock”.

7. Property is defined in the Loan Agreement as the 26 condominium and townhome units of the Homemakers Property.

8. “Stock” is defined as “all of the issued and outstanding stock and/or membership interests whichever the case may be of Holly Bluff Marina Inc., Recycled Group of South Carolina and Cape Crossing Vacation Rentals, LLC”.

9. To accomplish the pledge of the units, the Debtor executed the Tired Land Trust Agreement (the "Trust"), which is attached hereto as **Exhibit “B**.” Pursuant to the Trust, the Debtor assigned its interest in the Homemakers Property to Crescent Sound Ltd. The Trust, retaining a beneficial interest.

10. The Debtor also executed an Assignment of Beneficial Interest in Trust, (the “Assignment”) collaterally assigning its beneficial interest Homemakers Property to Crescent Sound, Ltd., as Trustee of the Tiered Land Trust. The Assignment is attached hereto as **Exhibit C.**

11. Johnson, the sole member and owner of the member’s interests in the Debtor did not sign the Trust or the Assignment, and did not pledge any of the members interests.

12. The Trust makes clear that the assignment into the Trust made by the Debtor was “100% as to the real estate property (26 units)”.

13. On December 20, 2023 PEDIXON declared a default under the loan agreement attached hereto as **Exhibit D** and began collecting all of the rents from the Homemakers Property.

14. Twenty days later, on January 9, 2024, Alison Pitkanen, acting as counsel for PEDIXON sent the letter attached hereto as **Exhibit E** (also attached to the Motion) (the “Letter”)

15. In the Letter Ms. Pitkanen stated:

> This shall serve as notification that PEDIXON has exercised its rights under the Consolidated Loan Agreement as to Homemakers Real Estate LLC. As a result, Horton S Johnson has agreed to relinquish control of all its membership units.
>
> As a result of the express monetary default, the undersigned has been authorized and directed to release the following unto P/E Dixon all membership units of Homemakers Real Estate LLC please execute the attached acknowledgement notification and agreement here and I will release the assignment of membership units directly to PEDIXON.

16. Attached to the Letter was the Assignment of Membership Units (the January 9th Assignment) included here as **Exhibit F** (also attached to the Motion) which appears to be signed Johnson as manager of the Debtor "

> …do now assign the following to Crescent Sound Ltd. As Trustee of the tiered Land Trust u/t/d 9/13/2023 all of my right title and interest in and to all of the issued and outstanding membership units of Homemakers Real Estate LLC a Florida limited liability company.

17. The Letter and the January 9th Assignment were intentionally misleading. Johnson had never signed the Trust or the Assignment. The Trust and Assignment pledged the Homemakers Property as collateral, not the members interests. Johnson did not agree to "to relinquish control of all its membership units."

18. The January 9th Assignment looks deceptively similar to the Assignment but it is not the same document and is not consistent with the Loan Agreement, the Trust or the Assignment.

19. The language of the Letter was designed to mislead Johnson into surrendering his control of the Debtor.

**THE ASSIGNMENT OF THE**
**MEMBERSHIP INTEREST IS NOT A VALID TRANSFER**

20. The Assignment of the Members Interest is an invalid instrument because it is evident that it was a fraudulent attempt to take Johnson's members interest through trick and deception.

21. The Assignment of the Member's Interest is also invalid because it is not supported by valid consideration. There was no value provided to the Debtor or Johnson for the purported transfer.

22. The January 9th Assignment is an invalid as an unlawful ruse to take control of the Debtor, as a means of, upon information and belief, keeping the Debtor from seeking bankruptcy protection as a means of preserving the Homemakers Property for the benefit of its creditors.

23. The January 9th Assignment does not make PEDIXON a member of the Debtor under Fla. Stat §605.0401(3) because Johnson was deceived into executing the document and accordingly did not consent to PEDIXON or anyone else becoming a member of the Debtor.

**TO THE EXTENT THAT THE ASSIGNMENT OF MEMBERSHIP INTEREST HAS ANY VALIDITY IT ONLY ACTS AS A COLLATERAL ASSIGNMENT AS SECURITY IN THE MEMBER'S INTEREST AND NOT A TRANSFER OF CONTROL**

24. Under the Florida Limited Partnership Act, only a member has the right to vote a member's interest. Fla. Stat §605.04073(1). A member retains this right unless and until he becomes disassociated as a member. As set out in Fla. Stat. §605.0602 "… a person is dissociated as a member… (5) The person is expelled as a member by the unanimous consent of the other members if any of the following occur: …(b) There has been a transfer of the person's entire transferable interest in the company other than: 1. A transfer for security purposes…" A transfer of the "transferable interest does not entitle the transferee to participate in the management or conduct of the company's activities or affairs." Fla. Stat §605.0502(1)(c) 1.

25. In the case of *In re Windham Power Lifts, Inc*., 91 B.R. 595 (Bankr M.D. Ala 1988), The SBA held a pledge of the stock from the sole stockholder in the corporation. The Debtor filed a bankruptcy petition, and the SBA filed a motion to dismiss the petition. The SBA argued that the blank endorsement and surrender of the stock certificates was an absolute assignment of all

ownership rights in the stock, including the right to vote at the shareholders meeting. The court denied the motion to dismiss. It ruled that "the endorsement and surrender of the stock certificates was merely for the protection of SBA as a pledgee and not a transfer of ownership." *Id.* at 596.

26. Here, the circumstances are even clearer that Movants have not acquired rights in the members interests. Johnson, as the sole member of a Florida limited liability corporations retains control unless the very specific elements under Chapter 605 are met. None of those elements exist in this case.

Wherefore, the Debtor prays for an order denying the motion to dismiss.

Dated: May 23, 2025

Respectfully submitted,

*/s/Frank M. Wolff*

Frank M. Wolff, Esq.
Florida Bar No. 319521
Nardella & Nardella, PLLC
135 W. Central Blvd., Suite 300
Orlando, FL 32801
(407) 966-2680
fwolff@nardellalaw.com
klynch@nardellalaw.com

*PROPOSED COUNSEL TO DEBTOR*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2025, a true and correct copy of the foregoing has been served to (i) all filing users through the CM/ECF system including James A. Timko, Esq. Dean Mead, Egerton, Bloodworth, Capouano & Bozarth at jtimko@deanmead.com; Audrey M. Aleskovsky, Esq, Office of the United States Trustee at Audrey.m.aleskovsky@usdoj.gov, and (ii) by first class United States mail to all non-CM/ECF participants on the Local Rule 1007-2 Parties in Interest List as listed on the mailing matrix attached to the original of this motion filed with the court.

*/s/Frank M. Wolff*
Frank M. Wolff, Esq.

Label Matrix for local noticing
113A-6
Case 6:25-bk-02685-GER
Middle District of Florida
Orlando
Thu May 8 10:13:45 EDT 2025

Brevard County
Tax Collector
1605 N. Courtenay Pkwy
Merritt Island, FL 32953-4338

Cape Crossing
Condominium Assocation, Inc
c/o Keystone Property Mngmnt
780 US Highway 1, Ste. 300
Vero Beach, FL 32962-1660

IMQA Investments Inc
4409 Hoffner Ave #348
Orlando, FL 32812-2331

Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

Kenneth Dixon
1627 E Vine Street
Suite E
Boynton Beach, FL 33474

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 5 |
| Bypassed recipients | 0 |
| Total | 5 |