**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE:**

**HOMEMAKERS REAL ESTATE, LLC,**          **CASE NO.: 6:25-bk-02685-GER**
                                                                        **CHAPTER 11**


          **Debtor(s).**
_____ /

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

     **COMES NOW,** TAMAMOI, LLC ("Secured Creditor"), by and through its undersigned counsel, and hereby moves this Court pursuant to 11 U.S.C. § 362(d) for relief from the automatic stay provisions for cause, or in the alternative, for adequate protection, and in support thereof, states as follows:

1.  On May 5, 2025, Debtor filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code. The Debtors remain in control of their properties and continue to manage their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.  Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3.  Less than a month before the instant petition was filed, a Trustee's Deed was recorded on April 8, 2025, in Book 10305 at Page 701 of the Public Records of Brevard County, Florida. This deed purports to transfer ownership of several different properties to Debtor. A copy of this deed is attached hereto and incorporated herein as Exhibit "A."

FL2023-04840

4. Secured Creditor holds mortgage liens recorded in the Public Records of Brevard County, Florida, on the following described real property ("Property"), purportedly transferred to Debtor via the Trustee's Deed recorded on April 8, 2025:

   a. 202 Ivory Coral Lane, Unit 206, Merritt Island, FL 32953
      i. Mortgage recorded on May 16, 2019, in Book 8440 at Page 1295 of the Public Records of Brevard County, Florida.
   b. 202 Ivory Coral Lane, Unit 303, Merritt Island, FL 32953
      i. Mortgage recorded on May 31, 2019, in Book 8452 at Page 177 of the Public Records of Brevard County, Florida.
   c. 202 Ivory Coral Lane, Unit 305, Merritt Island, FL 32953
      i. Mortgage recorded on May 30, 2019, in Book 8451 at Page 659 of the Public Records of Brevard County.
   d. 202 Ivory Coral Lane, Unit 402, Merritt Island, FL 32953
      i. Mortgage recorded on June 4, 2019, in Book 8455 at Page 2039 of the Public Records of Brevard County, Florida.
   e. 202 Ivory Coral Lane, Unit 403, Merritt Island, FL 32953
      i. Mortgage recorded on June 4, 2019, in Book 8455 at Page 722 of the Public Records of Brevard County, Florida.
   f. 202 Ivory Coral Lane, Unit 404, Merritt Island, FL 32953
      i. Mortgage recorded on June 4, 2019, in Book 8455 at Page 976 of the Public Records of Brevard County, Florida.
   g. 202 Ivory Coral Lane, Unit 503, Merritt Island, FL 32953
      i. Mortgage recorded on June 6, 2019, in Book 8457 at Page 936 of the Public Records of Brevard County, Florida.
   h. 202 Ivory Coral Lane, Unit 504, Merritt Island, FL 32953
      i. Mortgage recorded on June 6, 2019, in Book 8457 at Page 1025 of the Public Records of Brevard County, Florida.
   i. 202 Ivory Coral Lane, Unit 505, Merritt Island, FL 32953
      i. Mortgage recorded on June 6,  2019, in Book 8457 at Page 1313 of the Public Records of Brevard County, Florida.

Copies of the Mortgages, Notes, Guaranties, and Loan Modification(s) are attached hereto and incorporated herein as Composite Exhibits "B" through "J."

5. Debtor is not a party to the Mortgage, Notes, or Loan Modifications pertaining to the Property. However, Debtor's Manager, Horton S. Johnson, is a personal guarantor on each loan listed above.  Copies of the Guaranties are attached hereto and incorporated herein as Composite Exhibits "B" through "J."

FL2023-04840

6. Debtor also holds separate interests in the Property via mortgage liens and UCC-1 Financing Statements recorded in the Public Records of Brevard County, which are junior and inferior to the interests of Secured Creditor. Copies of the Mortgages, UCC-1 Financing Statements, and Allonge & Transfer of Notes and Mortgages are attached hereto and incorporated herein as Composite Exhibit "K" through "S."

7. The borrower on Secured Creditor's notes and mortgages is CANAVERAL CROSSROADS, LLC ("Borrower"). The payments due pursuant to the aforementioned notes and mortgages have been in default, and remain in default, since June 1, 2023. Borrower also transferred ownership of the properties without Secured Creditor's consent, in violation of Paragraph 18 of the mortgages. Based on this default, Secured Creditor filed an action for mortgage foreclosure and breach of guaranty in the Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida, on April 10, 2024, Case No. 052024CA023943XXCABC.

8. The currently pending state court action is highly contested by various defendants with commingling interests in the Property. Prior to the filing of Debtor's bankruptcy petition, the state court action was set for hearing on Plaintiff's Motion for Summary Judgment on June 6, 2025.

9. Debtor has failed to make pre-petition payments in compliance with the terms of the notes and mortgage, and has failed to remit any post-petition payments in the form of adequate protection to Secured Creditor.

10. On each loan, Secured Creditor is owed principal in the amount of $270,768.41, together with interest from May 1, 2023, late charges, and all costs of collection including, but not limited to, title search expenses for ascertaining necessary parties to this action and reasonable attorney's fees and costs. The total pre-petition indebtedness owed across all 9 loans is

FL2023-04840

approximately $2,436,915.69, together with interest from May 1, 2023, late charges, and all costs of collection including, but not limited to, title search expenses for ascertaining necessary parties to this action and reasonable attorney's fees and costs.  Such indebtedness will be detailed and supported by Secured Creditor's timely filed Proofs of Claim.

**Secured Creditor is Entitled to Relief from the Automatic Stay, Pursuant to 11 U.S.C. § 362(d), on 202 Ivory Coral Lane, Unit 403, Merritt Island, FL 32953**

11. As of the filing of this motion, the property located at 202 Ivory Coral Lane, Unit 403, Merritt Island, FL 32953, is owned by IAM IRREVOCABLE TRUST U/T/D JUNE 1, 2002, pursuant to a Quit Claim Deed recorded on March 20, 2024, in Book 10019 at Page 702 of the Public Records of Brevard County, Florida.  A copy of this deed is attached hereto and incorporated herein as Exhibit "T."

12. The subsequent Trustee's Deed recorded on April 8, 2025 (Exhibit "A"), does not transfer IAM IRREVOCABLE TRUST'S ownership interest to Debtor.  Instead, the deed transfers the interests of HOMEMAKERS REAL ESTATE, LLC, TRUSTEE, OF THE TIERED LAND TRUST, U/T/D SEPTEMBER 13, 2023, to Debtor, and erroneously includes Unit 403 in the attached Exhibit A.

13. Debtor's only remaining interest in Unit 403 is that of a junior mortgage lienholder. Debtor is not obligated to make payments pursuant to the underlying loan documents and is unable to adequately protect the interest of Secured Creditor.  Additionally, the collateral is unnecessary to an effective reorganization of the Debtor's assets.

**Secured Creditor is Entitled to Relief from the Automatic Stay, Pursuant to 11 U.S.C. § 362(d), on 202 Ivory Coral Lane, Units 206, 303, 305, 402, 404, 503, 504, 505, Merritt Island, FL 32953**

FL2023-04840

14. The Trustee's Deed recorded on April 8, 2025 (Exhibit "A"), is evidence of a scheme to delay, hinder, or defraud creditors involving the transfer of real property ownership without Secured Creditor's consent.  The subject deed is the third unapproved transfer of ownership between entities that are closely related to the Borrower and current Debtor.

15. The first unapproved transfer of ownership for the Property occurred between Borrower and Debtor via Quit Claim Deeds recorded on November 13, 2020, and March 22, 2021.[1]  Debtor provided de minimis consideration to obtain ownership.

16. The second unapproved transfer of ownership for the Property occurred between Debtor and CRESCENT SOUND LTD, TRUSTEE, OF TIERED LAND TRUST, U/T/D SEPTEMBER 13, 2023, via Trustee's Deed recorded February 14, 2024, at Book 9992 at Page 2830 of the Public Records of Brevard County, Florida. A copy of this deed is attached hereto and incorporated herein as Exhibit "U."

---

[1] Ownership of 202 Ivory Coral Lane, Unit 206, Merritt Island, FL 32953, was transferred from Canaveral Crossroads, LLC to Homemakers Real Estate, LLC, via Quit Claim Deed recorded on March 22, 2021, at Book 9058, Page 2101 of the Public Records of Brevard County, FL.; Ownership of 202 Ivory Coral Lane, Unit 303, Merritt Island, FL 32953, was transferred from Canaveral Crossroads, LLC to Homemakers Real Estate, LLC, via Quit Claim Deed recorded on November 13, 2020, at Book 8918, Page 1286 of the Public Records of Brevard County, FL.; Ownership of 202 Ivory Coral Lane, Unit 303, Merritt Island, FL 32953, was transferred from Canaveral Crossroads, LLC to Homemakers Real Estate, LLC, via Quit Claim Deed recorded on November 13, 2020, at Book 8918, Page 1286 of the Public Records of Brevard County, FL.; Ownership of 202 Ivory Coral Lane, Unit 305, Merritt Island, FL 32953, was transferred from Canaveral Crossroads, LLC to Homemakers Real Estate, LLC, via Quit Claim Deed recorded on November 13, 2020, at Book 8918, Page 1289 of the Public Records of Brevard County, FL.; Ownership of 202 Ivory Coral Lane, Unit 402, Merritt Island, FL 32953, was transferred from Canaveral Crossroads, LLC to Homemakers Real Estate, LLC, via Quit Claim Deed recorded on November 13, 2020, at Book 8918, Page 1295 of the Public Records of Brevard County, FL.; Ownership of 202 Ivory Coral Lane, Unit 403, Merritt Island, FL 32953, was transferred from Canaveral Crossroads, LLC to Homemakers Real Estate, LLC, via Quit Claim Deed recorded on November 13, 2020, at Book 8918, Page 1298 of the Public Records of Brevard County, FL.; Ownership of 202 Ivory Coral Lane, Unit 404, Merritt Island, FL 32953, was transferred from Canaveral Crossroads, LLC to Homemakers Real Estate, LLC, via Quit Claim Deed recorded on November 13, 2020, at Book 8918, Page 1301 of the Public Records of Brevard County, FL.; Ownership of 202 Ivory Coral Lane, Unit 503, Merritt Island, FL 32953, was transferred from Canaveral Crossroads, LLC to Homemakers Real Estate, LLC, via Quit Claim Deed recorded on November 13, 2020, at Book 8918, Page 1313 of the Public Records of Brevard County, FL.; Ownership of 202 Ivory Coral Lane, Unit 504, Merritt Island, FL 32953, was transferred from Canaveral Crossroads, LLC to Homemakers Real Estate, LLC, via Quit Claim Deed recorded on November 13, 2020, at Book 8918, Page 1316 of the Public Records of Brevard County, FL.; Ownership of 202 Ivory Coral Lane, Unit 505, Merritt Island, FL 32953, was transferred from Canaveral Crossroads, LLC to Homemakers Real Estate, LLC, via Quit Claim Deed recorded on November 13, 2020, at Book 8918, Page 1319 of the Public Records of Brevard County, FL.   Copies of these deeds are available in the public record and not attached in order minimize exhibit space.

17. Subsequently, Debtor replaced CRESCENT SOUND LTD, as Trustee for TIERED LAND TRUST, U/T/D SEPTEMBER 13, 2023, enabling it to accomplish the third unapproved transfer of ownership to itself, via Trustee's Deed recorded April 8, 2025 (Exhibit "A"), at Book 10305 at Page 701 of the Public Records of Brevard County, Florida.

18. Debtor provided de minimis consideration and obtained ownership with full knowledge of the underlying state court litigation.

19. Aside from the bad faith transfer of ownership, Debtor's only remaining interest in the Property is that of a junior mortgage lienholder. Debtor is not obligated to make payments pursuant to the underlying loan documents and is unable to adequately protect the interest of Secured Creditor. Additionally, the Property is unnecessary to an effective reorganization of the Debtor's assets.

20. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the Property; the Property being unnecessary to an effective reorganization of Debtor's assets; and bad faith transfer of ownership. Secured Creditor's security interest in the Property is being significantly jeopardized by the lack of pre-petition payments received pursuant to the underlying loan documents, while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. As Debtors continue to enjoy the use and benefit of the Property, Secured Creditor's collateral position is continually eroded by loss in equity and threat of destruction and/or disposal by other creditors.

21. If Secured Creditor is not permitted to enforce its security interest in the Property or be provided with adequate protection, it will suffer irreparable, injury, loss and damage.

FL2023-04840

22. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

23. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in preserving and protecting the property, all of which additional sums are secured by the loan documents. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent court proceedings.

**WHEREFORE**, Secured Creditor, prays this Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to have such further relief as this Court deems just and appropriate.

Dated: May 29, 2025

Respectfully submitted,

By: /s/ Audrey J. Dixon
Audrey J. Dixon, Esq.
Florida Bar No. 39288

MCMICHAEL TAYLOR GRAY, LLC
Attorney for Creditor
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail: adixon@mtglaw.com

FL2023-04840

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the **MOTION FOR RELIEF FROM THE AUTOMATIC STAY** in the above captioned case was this day served upon the below named persons, and the parties-in-interest matrix attached hereto, by either United States Mail or Electronic Mail at the addresses shown below:

*Via U.S. Mail:*

Homemakers Real Estate, LLC
201 Ivory Coral Lane
Merritt Island, FL 32953

*Via CM/ECF electronic service:*

Frank M Wolff
Nardella & Nardella. PLLC
135 W. Central Blvd, Suite 300
Orlando, FL 32801
Email: fwolff@nardellalaw.com

United States Trustee - ORL
**Audrey M Aleskovsky**
400 W. Washington St., Ste 1100
Orlando, FL 32828
Email: Audrey.M.Aleskovsky@usdoj.gov

Dated: May 29, 2025

Respectfully submitted,

By: /s/ Audrey J. Dixon
Audrey J. Dixon, Esq.
Florida Bar No. 39288

MCMICHAEL TAYLOR GRAY, LLC
Attorney for Creditor
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail: adixon@mtglaw.com

FL2023-04840

Label Matrix for local noticing
113A-6
Case 6:25-bk-02685-GER
Middle District of Florida
Orlando
Thu May  8 13:56:27 EDT 2025

Homemakers Real Estate, LLC
201 Ivory Coral Lane
Merritt Island, FL 32953-4111

Grace E. Robson
Orlando
, FL

Brevard County
Tax Collector
1605 N. Courtenay Pkwy
Merritt Island, FL 32953-4338

Cape Crossing
Condominium Assocation, Inc
c/o Keystone Property Mngmnt
780 US Highway 1, Ste. 300
Vero Beach, FL 32962-1660

Cape Crossing Condominium
Assocation, Inc.
202 Ivory Coral Lane
Merritt Island, FL 32953-4105

Cape Crossing Townhomes
Homeowners Association
c/o D. Johnathan Rhodeback
1565 US. Hwy 1
Sebastian, FL 32958-3895

Cape Crossing Townhomes
Homeowners Association, Inc
c/o Keystone Property Mngmnt
780 US. Hwy 1, Ste. 300
Vero Beach, FL 32962-1660

Carton Family Trust of 1992
dated October 14, 1992
12910 Lomas Verdes Drive
San Diego, CA 92064-1250

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

GellerRagans, CPA
110 N. Orange Ave
Orlando, FL 32801-2375

Horton S. Johnson
2875 S. Orange Ave
Suite 500 #6409
Orlando, FL 32806-5455

IMQA Investments Inc
4409 Hoffner Ave #348
Orlando, FL 32812-2331

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Kenneth Dixon
1627 E Vine Street
Suite E
Boynton Beach, FL 33474

Kenneth Dixon
c/o Tucker H. Bird, Esq.
180 N. Park Ave Ste. 2A
Winter Park, FL 32789-7401

Mainstreet Community Bank
204 S. Woodland Blvd
Deland, FL 32720-5414

Nelson Mullins
Rile & Scarborough, LLP
390 N. Orange Ave
#1400
Orlando, FL 32801-1687

Orange County Tax Collector
PO Box 545100
Orlando FL 32854-5100

Tamamoi, LLC
5060 SW Philomath Blvd #363
Corvallis, OR 97333-1044

Frank M Wolff +
Nardella & Nardella. PLLC
135 W. Central Blvd
Suite 300
Orlando, FL 32801-2435

United States Trustee - ORL +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Audrey M Aleskovsky +
DOJ-Ust
400 W. Washington St.
Ste 1100
Orlando, FL 32801-2210

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

(u)Note: Entries with a '+' at the end of the
name have an email address on file in CMECF
------------------------------------------------
Note: Entries with a '-' at the end of the
name have filed a claim in this case

End of Label Matrix
Mailable recipients    22
Bypassed recipients     2
Total                  24