**ORDERED.**

**Dated: June 16, 2025**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Homemakers Real Estate, LLC, | ) | Case No. 6:25-bk-02685-GER<br>Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER (1) DIRECTING DEBTOR AND MOVANTS TO FILE SUPPLEMENTAL PLEADING, (2) SETTING DEADLINES, AND (3) RESETTING HEARING**

THIS MATTER came before the Court for hearing on June 11, 2025 at 9:30 a.m. (the “Hearing”) upon the *Motion to Dismiss Bankruptcy Case for Lack of Corporate Authority* (the “Motion”) (Doc. No. 12) filed by Movants PEDIXON LLC and ZPD, LLC (“Movants”), the Response[1] (Doc. No. 24) thereto filed by Debtor Homemakers Real Estate, LLC (“Debtor”), and the Reply[2] (Doc. No. 35) thereto filed by Movants. The parties dispute whether Horton S. Johnson (“Mr. Johnson”) had the right to authorize Debtor to file a bankruptcy petition on May 5, 2025 (the “Petition Date”).

Mr. Johnson signed a resolution in his alleged capacity as sole member of Debtor authorizing Ross Johnston to file the bankruptcy petition on behalf of Debtor.[3] Movants argue Mr.

[1] *Debtor’s Response to Motion to Dismiss Bankruptcy Case for Lack of Corporate Authority* (the “Response”).
[2] *Reply in Support of Motion to Dismiss Bankruptcy Case for Lack of Corporate Authority* (the “Reply”).
[3] *See Certificate of Authorization to File Bankruptcy Petition* (Doc. No. 4).

Johnson had no power to authorize the filing of a bankruptcy petition for Debtor because the *Assignment of Membership Units* (the "Assignment")[4] assigned all right, title, and interest in Mr. Johnson's membership units in Debtor, including all rights of management, to the Tiered Land Trust (the "Land Trust") pursuant to the *Tiered Land Trust Agreement* dated September 13, 2023 (the "Agreement").[5]

The Agreement identifies Crescent Sound Ltd. as trustee of the Land Trust ("Trustee"), lists four beneficiaries,[6] and sets forth the beneficiaries' interests in specific trust *res* (defined in the Land Trust collectively as "Trust Property"). The Agreement provides that Trustee takes title to the Trust Property,[7] but the Land Trust beneficiaries retain power of direction to deal with title to Trust Property, power to manage and control the Trust Property, and the right to receive proceeds of the Trust Property.[8]

Debtor argues that under Florida Statutes,[9] an assignment of a transferable interest does not entitle the assignee to management rights when the assignment is executed as security for a debt;[10] therefore, while the Land Trust took title to the membership units of Debtor, because the membership units serve as collateral for the Loan Agreement, the power of direction remained with Mr. Johnson.

As noted above, the Land Trust is vested with title to certain property, but the power to direct and manage the Trust Property remains with whomever is the beneficiary of the particular

[4] Motion, Ex. C (Doc. No. 12).
[5] Response, Ex. B (Doc. No. 24-2). The Land Trust arises under the Agreement and is not evidenced by a separate document, and references to Land Trust and Agreement refer to the same document.
[6] The beneficiaries are identified as Homemakers Real Estate, LLC, A Marine, Inc., Yaniv Amar, and Tiered Capital.
[7] On April 8, 2025, a "Trustee's Deed" was executed by Mr. Johnson as successor trustee of the Land Trust, conveying real property that was Trust Property to Debtor, *see Motion for Relief from the Automatic Stay*, Ex. A (Doc. No. 29-1); however, counsel for Debtor conceded this conveyance was an exercise in self help and for purposes of the Motion could be disregarded.
[8] Response, Ex. B ¶¶ 3 and 12 (Doc. No. 24-2).
[9] Fla. Stat. § 605.0502.
[10] While Debtor's Response argues the Assignment was invalid, Debtor agreed that for purposes of ruling on the Motion, its membership units were assigned to the Land Trust.

*res*. Movants argue they are the beneficiary with the power to manage Debtor because the Land Trust was created for their benefit to secure obligations of Mr. Johnson and others with respect to that certain *Loan Agreement*[11] (the "Loan Agreement") which was executed at the same time as the Land Trust. Movants dispute that the Assignment was executed as security for the Loan Agreement; instead, Movants argue the Assignment was obtained as part of a separate agreement with Mr. Johnson whereby Movants would forbear from proceeding on Mr. Johnson's personal guaranty.

Based on the information presented, it is unclear who the beneficiary holding the power to direct Debtor's decision is. Neither Mr. Johnson nor Movants are named as beneficiaries of the Land Trust. In addition, the membership units of Debtor are not included in the definition of Trust Property and the Agreement does not identify who would be a beneficiary for assets acquired by the Land Trust after its creation.

The Court, having reviewed the Motion, the Response, the Reply, and the record, and after considering the arguments made by the parties at the Hearing, finds that further briefing is required as to who is the beneficiary(ies) holding power of direction with respect to management of Debtor when neither the membership units nor the beneficiary thereof are identified in the Land Trust. Accordingly, it is

**ORDERED**:

1. Debtor and Movants shall have until **June 24, 2025** to supplement their respective filings (the "Supplement") to address who is the beneficiary(ies) with the power of direction with respect to management of Debtor as of the Petition Date when neither the membership units nor the beneficiary thereof are identified in the Land Trust. The Supplement must not exceed 10 pages

[11] *See* Response, Ex. A (Doc. No. 24-1).

and should not include any argument previously made at the Hearing or in the Motion, Response, or Reply.

2. The hearings scheduled for June 23, 2025 at 10:00 a.m. on Debtor's *Emergency Motion to Use Cash Collateral and Request for Emergency Preliminary Hearing* (Doc. No. 43), TAMAMOI, LLC's *Motion for Relief from the Automatic Stay* (Doc. No. 29), and The Carton Family Trust of 1992 Dated October 14, 1992's *Motion for Relief from the Automatic Stay* (Doc. No. 33) are rescheduled to **July 10, 2025 at 10:00 a.m.** at the George C. Young Federal Courthouse, 400 West Washington Street, Sixth Floor, Courtroom D, Orlando, FL 32801.

3. The automatic stay shall remain in effect until further order of the Court. The deadlines under 11 U.S.C. § 362(e)(1) are extended to the date of the hearing referenced in paragraph 2 above.

# # #

The Clerk's Office is directed to serve a copy of this Order on all interested parties.