UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

HOMEMAKERS REAL ESTATE, LLC,

Debtor.
_________________________________/

Case No.: 6:25-bk-02685-GER
Chapter 11

**DEBTOR'S SUPPLEMENTAL BRIEF**
**IN OPPOSITION TO MOTION TO DISMISS**

Homemakers Real Estate, LLC (the "Debtor"), hereby supplements its argument in opposition to the Motion to Dismiss filed by PEDIXON LLC and ZPD LLC, ("Movants") and states as follows:

1. ”[W]ho is the beneficiary(ies) holding power of direction with respect to management of Debtor when neither the membership units nor the beneficiary thereof are identified in the Land Trust." is the Question.

2. The Question arises because the Land Trust does not mention Mr. Johnson or the member's interest in the Debtor (hereinafter the "Property"). However, though the terms of the Land Trust don't mention the Property or Mr. Johnson, the law of trusts answers the Question.

3. The Land Trust is a trust. The definition of a trust according to the Restatement of the Law of Trusts, 3rd

> A trust…. is a fiduciary relationship with respect to property, arising from a manifestation of intention to create that relationship and subjecting the person who holds title to the property to duties to deal with it for the benefit … of one or more persons….

Restat 3rd of Trusts §2 (2012)

4. The Assignment of Membership Interests attached to the Movants Motion to Dismiss (the Assignment")[1] clearly is a "manifestation of intention to create that relationship" when it "assign[ed] the following [Property] unto Crescent Sound Ltd. As Trustee of the Tiered Land Trust u/t/d 9/13/2023."

5. The law of trusts is clear that assets can be added to a trust after its creation. In the Restatement of Trusts, 3rd § 2 (2012)

> Although merely entering into or executing an agreement or instrument of trust does not initially create a trust because of the absence of trust property, a trust may nevertheless be created later if and when a transfer of property to the trustee is made with reference to that agreement or instrument

6. The Assignment transferred the Property "with reference to that agreement or instrument" by specifically naming the Land Trust. The transfer of the Property into the Land Trust after its creation is consistent with the law of trusts:

> After a trust is created … additional property ordinarily may be added to the trust by the original settlor or settlors or by one or more others.
>
> Restat 3d of Trusts, § 10 (2012)

7. Though the Land Trust does not identify Mr. Johnson as a beneficiary that does not preclude him from becoming one. As stated in the Restatement of the Law of Trusts 3rd, §2 (2012):

> An express trust can be created, or having been created can continue, although for a period of time there is no designated beneficiary in being. None of the intended beneficiaries need be identified or in existence at the time of the creation of the trust

8. By its nature, the property in a trust puts title in a trustee who holds property "in trust" for the benefit of another. By transferring Property into the Land Trust, Mr. Johnson subjected his Property to the terms of the Land Trust, and he became a beneficiary of the Trust.

---

[1] Though the Debtor disputes the validity of the Assignment, this memorandum assumes the bona fides of the document.

9. The ”duties” or restrictions imposed on the Property in the Land Trust govern.

> If a trust is created by a transaction inter vivos and is evidenced by a written instrument, the terms of the trust are determined by the provisions of the governing instrument as interpreted in light of all the relevant circumstances… Restat 3rd of Trusts §4 (2012)

10. Thus the answer to the Question as to who has the "power of direction with respect to management of Debtor" has to come from the "governing instrument", namely, the Land Trust.

11. On this the Land Trust is very clear. It states unequivocally that the "Beneficiaries shall, in their own right, have full and exclusive control over the management and operation of the Trust property…"

12. Accordingly, the law of trusts answers the Question.

13. Movants contend that the transfer by Mr. Johnson of the Property was somehow different than the transfers made by the named Beneficiaries. They argue that the transfer was an absolute conveyance and that the "only party able to vote or authorize the filing of this bankruptcy is the Trust" (Doc 35 p. 1). That is inconsistent with the law of trusts.

14. The "relevant circumstances" also shed light on the answer to the Question.

15. First, it is inconsistent with the treatment of the other parties to the Land Trust. When the Land Trust was created in September 2023, three of the Beneficiaries named in the Trust had transferred 100% of their equity in three different entities. If a transfer of 100% of their interest in entities included the "power of direction" as the Movants contend, it contradicts the express terms of the Land Trust.

16. The second "relevant circumstance" is the purpose of the Land Trust. The Land Trust was created to provide additional security to Movants for a guaranty given by Mr. Johnson. Mr. Johnson retained rights of control over the Property after it was conveyed into the Land Trust not only under the terms of the Land Trust and the law of trusts, but as was argued at the hearing, because that result is required under the Florida LLC statute and the mortgage statue.

17. Next, the Assignment itself does say it is an absolute transfer. For the argument made by the Movants to have color, it would have to be a transfer to the Movants directly, and not a transfer "in trust.".

18. Finally, the Movant argued in court that the answer to the Question is that the "only party able to vote or authorize the filing of this bankruptcy is the Trust." However, this presents its own dead end. If the Trustee has the right to make decisions concerning the res of the Trust, what rules does it follow? How can the Trustee make decisions about the property put into its charge? The Land Trust gives no guidance to the Trustee if that is the case, and that is because the transfer was subject to the law of trusts. It was not an absolute conveyance.

Dated this 24th day of June 2025

Respectfully submitted,

*/s/Frank M. Wolff*
Frank M. Wolff, Esq.
Florida Bar No. 319521
Nardella & Nardella, PLLC
135 W. Central Blvd., Suite 300
Orlando, FL 32801
(407) 966-2680
fwolff@nardellalaw.com
klynch@nardellalaw.com

*PROPOSED COUNSEL TO DEBTOR*

CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, a true and correct copy of the foregoing has been served to (i) all filing users through the CM/ECF system including the office of the U.S. Trustee, Audrey M. Aleskovsky, at Audrey.m.aleskovsky@usdoj.gov; and (ii) by first class United States mail to all non-CM/ECF participants on the Local Rule 1007-2 Parties in Interest List as listed on the mailing matrix attached to the original of this application filed with the court.

*/s/Frank M. Wolff*
Frank M. Wolff, Esq.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:25-bk-02685-GER<br>Middle District of Florida<br>Orlando<br>Mon Jun 23 15:23:29 EDT 2025 | Brevard County<br>Tax Collector<br>1605 N. Courtenay Pkwy<br>Merritt Island, FL 32953-4338 | Brevard County Tax Collector<br>c/o Feibai Ma, Esq.<br>Winderweedle, Haines, Ward & Woodman, PA<br>329 Park Avenue North, Second Floor<br>Winter Park, FL 32789-7421 |
| Brevard County Tax Collector<br>c/o Heidi M. Mitchell, Esq.<br>Winderweedle, Haines, Ward & Woodman, PA<br>329 Park Avenue North, Second Floor<br>Winter Park, FL 32789-7421 | Cape Crossing<br>Condominium Assocation, Inc<br>c/o Keystone Property Mngmnt<br>780 US Highway 1, Ste. 300<br>Vero Beach, FL 32962-1660 | Feibai Ma, Esq.<br>Attorneys for Creditor Brevard<br>County Tax Collector<br>329 Park Avenue North, Second Floor<br>Winter Park, Florida 32789-7408 |
| IMQA Investments Inc<br>4409 Hoffner Ave #348<br>Orlando, FL 32812-2331 | Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia PA 19101-7346 | Kenneth Dixon<br>1627 E Vine Street<br>Suite E<br>Boynton Beach, FL 33474 |
| Mainstreet Community Bank<br>c/o Justin M. Luna<br>201 S. Orange Ave., Suite 1400<br>Orlando, Florida 32801-3483 | TAMAMOI, LLC<br>Audrey J. Dixon, Esq.<br>McMichael Taylor Gray LLC<br>3550 Engineering Dr., Suite 260<br>Peachtree Corners, GA 30092-2871 | THE CARTON FAMILY TRUST OF 1992 DATED OCTOBE<br>c/o Audrey J. Dixon, Esq.<br>McMichael Taylor Gray, LLC<br>3550 Engineering Drive, Suite 260<br>Peachtree Corners, GA 30092-2871 |
| THE CARTON FAMILY TRUST OF 1992 DATED OCTOBE<br>c/o McMichael Taylor Gray LLC<br>3550 Engineering Dr., Suite 260<br>Peachtree Corners, GA 30092-2871 | End of Label Matrix<br>Mailable recipients 12<br>Bypassed recipients 0<br>Total 12 | |