UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

HOMEMAKERS REAL ESTATE, LLC,

CASE No. 6:25-bk-02685-GER
Chapter 11

Debtor.

## MOTION TO STRIKE LATE FILED DOCUMENTS

Creditors, PEDIXON LLC and ZPD, LLC (collectively "Respondents"), by and through counsel, hereby object to the Motion to Strike Filings of Frank Amodeo and Horton Johnson, and respectfully states:

On May 26, 2026, the Court entered its Order Scheduling Hearing with respect to certain Motions to Vacate (Doc. No's 88 and 89) a previous ruling of the Bankruptcy Court. The Order Scheduling Hearing states the hearing was set "to determine if the Motions should be denied given that an Order for relief has been entered in the Involuntary Case."

At the hearing conducted on June 9, 2026, argument was presented regarding whether the Court should consider the Motions to Vacate. Frank Amodeo, who did not participate in this bankruptcy case and claims he is a creditor owed approximately $400.00 presented argument in favor the Johnson's motions. He also stated he was filing documents with the Court in favor of his argument. At the hearing, the Court continued the hearing for a status conference and stated it would rule on whether the Motion to Vacate should go forward prior to or at a status conference set for July 14, 2026.

On June 10, 2026, Johnson's counsel filed a declaration allegedly in support of his argument (Doc. No. 96).

6480784.v1

On June 11, 2026, Amodeo filed his Post-Hearing Brief on Rule 1015(a) in the related involuntary bankruptcy case (bk. case no. 25-bk-05570).

This Court is already aware that Amodeo is a disbarred attorney, two-time convicted felon, and is subject to a guardianship order and is a ward of the State or Florida. He is also currently still under supervised release and subject to the terms of his Corrected Judgment in a Criminal Case. See Ex. A. In spite of Amodeo being disbarred, Amodeo acts as a legal and corporate advisor for Johnson and his business partners and has presented evidence on behalf of parties before this Court even though they were already represented by counsel.

While Amodeo is appearing *pro se*, he should still be subject to the rules and practices of this Court. Amodeo is a former attorney who has asserted during testimony before this Court and in argument that he is more than a competent counsel. Johnson has counsel. The Court's Scheduling Order was clear as to the hearing date and what the Court would consider at the hearing. It is prejudicial to parties and a lack of due process for opposing parties to submit briefing and documents after the heating on the matter and without providing any reasonable ability for opposing parties to respond. See e.g. L.R. 9013-1 (requiring written opposition at least two days before a hearing); McDuffie v. Broward County Fla., 654 Fed.Appx. 408, 412 (11th Cir. 2016)(striking late filed summary judgment response). The striking of these filings is particularly appropriate because the parties filing the documents have not sought relief from the Court to authorize late filings and have not shown any excusable neglect for the lack of timeliness.

WHERFORE, Movants request that the Court strike and not consider docket number 96 in this case, docket number 247 in the involuntary case, and not consider any and strike any untimely filings related to the whether the Court should consider the Motions to Vacate and grant any further relief it deems just.

6480784.v1

DATED: June 11, 2026.

> /s/ James A. Timko
> JAMES A. TIMKO, ESQ.
> Florida Bar No. 0088858
> **DEAN, MEAD, EGERTON, BLOODWORTH,**
> **CAPOUANO & BOZARTH, P.A.**
> 420 S. Orange Avenue, Suite 700
> Orlando, Florida 32801
> Telephone:    407-841-1200
> Facsimile :    407-423-1831
> Email:          jtimko@deanmead.com
> ***Counsel for PEDIXON AND ZPD***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2026, I electronically filed this Objection with the Clerk of Court through CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

> /s/ James A. Timko
> JAMES A. TIMKO, ESQ.

3

6480784.v1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FILED**

UNITED STATES OF AMERICA

2009 JUL -2 PM 5: 0⌄

-vs-

Case Number: 6:08-CR-176-ORL-28KRS
U.S. DISTRICT COURT
ORLANDO. FLORIDA

FRANK L. AMODEO

USM Number: 48883-019

Harrison T. Slaughter, Retained
111 North Orange Avenue, Suite 700
Orlando, Florida 32801
    - and-
Kenton V. Sands, Retained
760 White Street
Daytona Beach, Florida 32114

## *CORRECTED JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One, Seven, Eight, Ten, and Twenty-Seven of the Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Defraud an Agency of the United States, to Commit Wire Fraud and to Obstruct an Agency Proceeding | February 2007 | One |
| 26 USC 7202 and 18 USC 2 | Failure to Collect and Remit Payroll Taxes | December 2006 | Seven, Eight and Ten |
| 18 USC 1505 | Obstruction of an Agency Proceeding | August 2006 | Twenty-Seven |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts Two through Six, Nine and Eleven through Twenty-Six of the Indictment are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

5/26/2009

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

June 2 -1 ,2009

*Corrected to change the defendant's middle initial fr

**EXHIBIT**

tabbies

A

AO 245B (Rev. 4/09) Judgment in a Criminal Case

FRANK L. AMODEO
6:08-CR-176-ORL-28KRS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **270 Months. This term consists of terms of 54 Months on each of Counts, One, Seven, Eight, Ten and Twenty-Seven, all such terms to run consecutive.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

FRANK L. AMODEO
6:08-CR-176-ORL-28KRS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years. This term consists of terms of 3 years on each of Counts, One, Seven, Eight, Ten and Twenty-Seven, all such terms to run concurrent.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1.   The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.   The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.   The defendant shall support his or her dependents and meet other family responsibilities;

5.   The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.   The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7.   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.   The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10.   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.   The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

FRANK L. AMODEO                                                                                    Page 4 of 5
6:08-CR-176-ORL-28KRS

12.  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1.  The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2.  The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3.  The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer. You shall provide the probation officer access to any requested financial Information.

4.  The defendant shall provide the Probation Officer access to any requested financial information.

5.  The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

6.  The defendant shall cooperate with the Internal Revenue Service regarding all outstanding taxes, interest, and penalties relating to the offense of conviction.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

FRANK L. AMODEO
6:08-CR-176-ORL-28KRS

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $500.00 | No Fine Imposed | $181,810,518.66 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.  Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Internal Revenue Service 329 Oak Street Atlanta, Georgia 30303 | | $181,810,518.66 | |

## SCHEDULE OF PAYMENTS

While in the custody of the Bureau of Prisons, you shall either (1) pay at least $25 quarterly  if have a  non-Unicor job or (2) pay at least 50 percent of your monthly earnings if working in a Unicor position.  Upon release from custody,  you are ordered to begin making monthly payments of $200.00 and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in your ability to pay.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## FORFEITURE

The defendant shall forfeit to the United States those assets previously identified in the Plea Agreement and the Preliminary Orders of Forfeiture at Docket Nos. 46, 49, 75, 106, 123 and Final Orders of Forfeiture at Docket Nos. 76, 98, 105, 121, 122 and the Forfeiture Money Judgment at Docket No. 124.

AO 245B (Rev. 4/09) Judgment in a Criminal Case