**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:                                          Case No. 6:25-bk-02685-GER
                                                Chapter 11 (Voluntary)

Homemakers Real Estate, LLC,                    FILED ORL INTAKE- USBC
                                                   10 JUL 2026 PM2:03

        Debtor.

_____/


### FRANK AMODEO'S RESPONSE IN OPPOSITION TO PEDIXON LLC AND ZPD LLC'S MOTION TO STRIKE LATE FILED DOCUMENTS

Horton Johnson filed two Motions to Vacate seeking relief under Federal Rule of Civil Procedure 60(b)(1), 60(b)(3), and 60(d)(3), as made applicable by Bankruptcy Rule 9024. (Docs. 88, 89). PEDixon and ZPD opposed the motions with an omnibus reply. (Doc. 93). I entered the fray with two pleadings one in support of Rule 60(b) relief but with a request to consolidate under Rule 1015(a) *In re Homemakers Real Estate, LLC*, No. 6:25-bk-05570-GER (Bankr. M.D. Fla. 2025) (Doc. 241) and the other to establish that this court lacks subject matter jurisdiction over the PEDixon/ ZPD claims. (*Id.*) (Doc. 242).[1] On June 9, 2026, This court held a hearing on the motions. *In re Homemakers Real Estate, LLC*, No. 6:25-bk-02685-GER (Bankr. M.D. Fla. 2025) ( (Doc. 87)(Order Scheduling Hearing).

---

[1] These two documents were captioned for filing in both cases, no. 02685, and no. 05570, but only docketed in Case no. 05570.

At the hearing, I discussed Bankruptcy Rule 1015(a) and how that Rule governs the situation where two petitions are pending against the same debtor in the same court at the same time. (Ex. 1, Hearing Tr. at 29:13–22.). From their reactions to that discussion, it was apparent that the parties and their attorneys were unfamiliar with the rule. (Id. Tr. at 34:16–21.) Not completely surprising since, as I pointed out, the rule has rarely been invoked and the circuit's jurisprudence on the rule is a desert. (Id. Tr. at 29:13–22.) As a result of my observation of the participants unfamiliarity with the rule, I submitted a post-hearing brief that collected the decisional authority from other courts about when Rule 1015(a) applies. I submitted that brief to provide a more comprehensive explanation of the 1015's application (not a new argument). *In re Homemakers Real Estate, LLC*, No. 6:25-bk-05570-GER (Bankr. M.D. Fla. 2025) (Doc. 247) (the "Post-Hearing Brief").

The creditors now ask this court to strike that brief and to ignore the law that the brief collects. (Doc. 97 at 2)("Movants request that the Court strike and not consider … docket number 247 in the involuntary case…"). But that is the type of false pandering to procedure that gives the administration of justice a bad name.

My earlier filings and this motion are captioned for filing in both Homemakers cases — the original voluntary case (No. 6:25-bk-02685) and the later involuntary case (No. 6:25-bk-05570). Oddly, the complained of Post-Hearing brief only reflects

on the docket of the involuntary case, but since it is meant to consolidate the two cases that seems to be a distinction without a difference.

## 1. The creditors do not dispute the facts or the law in the Post-Hearing Brief. But, they ask the court to ignore both.

The Post-Hearing Brief identifies one legal concept: Rule 1015(a) consolidates a voluntary and an involuntary petition against a single debtor under the first-filed case, and the first petition's date fixes the avoidance look-back period. The Post Hearing Brief marshals the decisions that have applied the Rule — *In re Premier General Holdings, Ltd.*, 427 B.R. 592 (Bankr. W.D. Tex. 2010); *In re Awal Bank, BSC*, 455 B.R. 73 (Bankr. S.D.N.Y. 2011); *In re Omaha Midwest Wholesale Distribs., Inc.*, 94 B.R. 160 (Bankr. D. Neb. 1988); *In re Westover Hills Ltd.*, 46 B.R. 300 (Bankr. D. Wyo. 1985); and *In re Brown*, 399 B.R. 162 (Bankr. W.D. Va. 2009) — then brings it together with the 1983 Advisory Committee Note to develop a logical rule of law. Then the brief succinctly quantifies the stakes: no less than $524,224.20 in gap-period transfers that a consolidated estate can recover and an unconsolidated estate cannot.

The creditors' Motion answers none of the Post-Hearing Brief's assertions. It does not dispute a single case, a single date, or a single dollar. It asks only that the court refuse to read the brief. A party that cannot answer an argument on its merits asks the court to look away. This court should decline the invitation.

3

**2. The creditors identify no rule that the Post-Hearing Brief violated.**

A motion to strike must rest on a rule or an order that the challenged filing transgresses. The creditors cite no rule and no authority.[2] They call the brief "late" and "untimely," but they never identify the deadline it missed or the rule that set the deadlines. Once more, the creditors do not identify one rule that I violated.

Instead, they choose their favorite source of authority: ipse dixit.

**3. Local Rule 9013-1 governs written opposition to a motion — not supplemental authority on a question the court expressly held open.**

The creditors cite Local Rule 9013-1 for the proposition that written opposition must be filed at least two days before a hearing. (Doc. 97 at 2.) The Rule is inapposite twice over. First, the Post-Hearing Brief is not a "written opposition" to any motion; it is supplemental legal authority on Rule 1015(a) — the very question the court said it would decide. Second, Local Rule 9013-1 measures time *before* a hearing, and the June 9 hearing did not close the question. The court continued the matter and stated it would rule on whether the Motions to Vacate go forward prior to or at the status conference set for July 14, 2026. (Ex. 1, Hearing Tr. at 37:2–9.) A brief filed June 10 is not late to a decision the court reserved for July 14; it is early.

---

[2] *See generally Augustus v. Board of Public Instruction*, 306 F.2d 862, 869 (5th Cir 1962)("[w]hen there is no showing of prejudicial harm to the moving party, the courts are generally not willing to determine disputed and substantial questions of law upon a motion to strike"); *Thompson v. Kindred Nursing Centers East, LLC*, 211 F. Supp. 2d 1346, 1348 (M.D. Fla. 2002)(confirming that motions to strike are disfavored).



The creditors' own conduct proves the point. They received the Post-Hearing Brief and answered it — with the very Motion now before the court. No party was deprived of a reasonable opportunity to respond. The creditors responded.

**4. McDuffie stands only for the unremarkable proposition that a court controls its own docket. It does not require striking anything.**

The creditors' single decisional authority is *McDuffie v. Broward County, Fla.*, 654 F. App'x 408 (11th Cir. 2016), an unpublished, per curiam decision that affirmed a district court's discretionary refusal to consider a summary-judgment response filed after a scheduling-order deadline. *McDuffie* announces the unremarkable proposition that a court has authority over its own docket and calendar. It does not hold that a court *must* strike a supplemental brief; it does not mention Rule 1015(a); and it does not touch a bankruptcy court's decision to receive authority on a question it has reserved for a future ruling. That a court *may* manage its calendar is not authority that this court *should* refuse to read the law.

**5. Exhibit A is my 2009 criminal judgement, which obviously does not identify a rule involving the timeliness of a supplemental pleading.**

Rather than engage the brief, the creditors attach a 2009 criminal judgment and recite that I am a disbarred, twice-convicted felon, and a ward of the State.[3] (Doc. 97 at 2 & Ex. A.) None of that identifies a rule the Post-Hearing Brief violated. A pro se litigant is entitled to be heard, and this court weighs the authority a filing

---

[3] The criminal judgement and the comments on my background are a spurious ad hominem attack, that if I were more sensitive, would be subject to being stricken under Rule 12(f)'s disparagement provision. But, I adhere to the old adage about "sticks and stones." See FRCP 12(f).

collects, rather than the biography of the person who collected it. The decisions within the Post-Hearing Brief say what they say regardless of who assembled them.

## Conclusion

Rule 1015(a) asks one question: does the same debtor face two petitions pending in the same court? The Post-Hearing Brief provides the jurisprudence that helps guide this court's decision on whether the law permits consolidation. The creditors' motion to strike answers nothing and provides no basis for denying consolidation. It identifies no rule, disputes no fact, and distinguishes no case. It asks the court to ignore the law because the creditors would rather not meet it.

WHEREFORE, I respectfully request that the court:

(a)   Deny PEDixon LLC and ZPD LLC's Motion to Strike Late Filed Documents (Doc. 97);

(b)   To the extent required, grant, nunc pro tunc, permission to file the "Post Hearing Brief"; and

(c) Grant such other and further relief as the court deems just and proper.

Respectfully submitted this 10th day of July, 2026.

Frank E. Amodeo, Pro se
1311 Hoffner Avenue
Orlando, Florida 32809
(407) 406-1315
flahome32809@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the 10th day of July, 2026, I filed the foregoing with the Clerk

of the court, who will serve a notice of electronic filing on all counsel of record,

including James A. Timko, Esq., Dean, Mead, Egerton, Bloodworth, Capouano &

Bozarth, P.A., counsel for PEDixon LLC and ZPD LLC.

Frank L. Amodeo