FILED ORL INTAKE- USBC
2026 PM3:22

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

In re:

Case No. 6:25-bk-02685-GER
Chapter 11 (Voluntary)

Homemakers Real Estate, LLC,

Case No. 6:25-bk-05570-GER
Chapter 11 (Involuntary)

Debtor.

_____/

## FRANK L. AMODEO'S MOTION FOR AN EVIDENTIARY HEARING ON THIS COURT'S SUBJECT-MATTER JURISDICTION OVER THE PEDIXON AND ZPD CLAIMS

A subject-matter-jurisdiction concern stands apart from every other question a court decides. Those concerns are never subject to procedural bars, in part because a court bears an independent obligation to determine whether it holds the power to hear the cause or the case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

**1. A subject-matter-jurisdiction challenge is never subject to procedural bars, and the court must resolve it before reaching the merits.**

Because of the unique characteristics of a subject-matter-jurisdiction concern, a court must first address and resolve the issue before proceeding to the merits. See *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-102 (1998). Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause. *Steel Co.*, 523 U.S. at 94

(quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)); accord *Sinochem International Co. v. Malaysia International Shipping Corp.*, 549 U.S. 422, 431 (2007).[1]

## 2. A challenge to subject-matter jurisdiction comes in two forms, facial and factual.

Challenges to subject-matter jurisdiction come in two forms: facial attacks and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).[2] A facial attack requires the court merely determine if the party has sufficiently alleged a basis for subject-matter jurisdiction, and the court may presume the allegations true. *Scarfo v. Ginsberg*, 175 F.3d 957, 960-61 (11th Cir. 1999). A factual attack, in contrast, questions the court's jurisdiction irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. *Lawrence*, 919 F.2d at 1529. Here the challenge is a factual one.

---

[1] The Supreme Court overturned several Federal Circuits Courts of Appeals that had found it proper to proceed immediately to the merits question, despite jurisdictional objections. The Court did not accept the circuit courts' rationale for delaying the jurisdictional decision: (1) the merits question being more readily resolved, and (2) the prevailing party on the merits would be the same as the prevailing party were jurisdiction denied. The circuits' rationale would carry the courts beyond the bounds of authorized judicial action and thus offends fundamental separation-of-powers principles. In a long and venerable line of cases, this Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit. See, e.g., *Capron v. Van Noorden*, 2 Cranch 126, 2 L.Ed. 229 (1804); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 73 (1997); *Bell v. Hood*, 327 U.S. 678 (1946); *National Railroad Passenger Corp. v. National Assn. of Railroad Passengers*, 414 U.S. 453, 465 n.13 (1974); *Norton v. Mathews*, 427 U.S. 524, 531 (1976); *Secretary of Navy v. Avrech*, 418 U.S. 676, 678 (1974) (per curiam); *United States v. Augenblick*, 393 U.S. 348 (1969); *Philbrook v. Glodgett*, 421 U.S. 707, 721 (1975); and *Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 86-88 (1970).

[2] Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc)(this circuit adopts as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

### 3. In a factual jurisdictional challenge, the court weighs the evidence itself, and no presumption of truthfulness attaches to the claimant's allegations.

In a factual challenge to subject-matter jurisdiction, unlike a typical motion under Rule 12(b)(6) or Rule 56, the court is free to weigh the evidence and satisfy itself of its power to hear the case. No presumptive truthfulness attaches to the claimant's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims.

Here the factual question is whether the PEDixon and ZPD claims[3] violate Florida Statute § 687.071.[4] If the Dixon debts violate § 687.071, then the Florida legislature has removed any matter involving enforcement (including the validity) of these claims from this court's jurisdiction. *Fla. Stat.* § 687.071(7). Additionally, based on that legislative command, the Constitutions mootness doctrine divests this court of subject-matter jurisdiction, since no remedy is available.

### 4. Florida Statute § 687.071(7) strips every court in this state of the power to enforce a usurious extension of credit.

Florida Statute § 687.071(7) expressly removes from every court in this state the power to enforce a debt that violates any section of § 687.071.

---

[3] The "PEDixon" claim and the "ZPD" claim are the two Dixon-originated extensions of credit at issue, whether asserted separately or as consolidated. I use the collective labels for the claims those parties assert against the estate; the underlying instruments are the Dixon-generated loan documents in the record.

[4] Section 687.071 is Florida's criminal-usury and loan-sharking statute. Subsection (2) makes an extension of credit at interest exceeding twenty-five percent per annum criminal usury, and subsection (7) makes any extension of credit made in violation of the section unenforceable as a debt in the courts of this state. Fla. Stat. § 687.071(2), (7).

3

> *No extension of credit made in violation of any of the provisions of this section shall be an enforceable debt in the courts of this state.*

Florida courts hold that criminally usurious debts are void not voidable. *Fla. Stat. § 687.071(7).*

## 5. Article III's case-or-controversy requirement withholds jurisdiction where the court has no capacity to grant an enforceable remedy.

The United States Constitution requires an active and actual controversy, which includes this court's capacity to provide a remedy. A court in this district described the constitutional principles and the mootness doctrine the principle empower:

> *Article III of the Constitution grants the Judicial Branch authority to adjudicate "Cases and Controversies." Conversely, courts have no business deciding legal disputes or expounding on the law in the absence of such a case or controversy.*

*Couture v. Austin*, 720 F. Supp. 3d 1243, 1247 (M.D. Fla. 2024). (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013), and *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)).

Once a case is moot, the court loses subject-matter jurisdiction and must take no other action but to dismiss the case or cause. See *Seay Outdoor Advertising, Inc. v. City of Mary Esther*, 397 F.3d 943, 946 (11th Cir. 2005). A case is moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or <u>a court decision could no longer provide meaningful relief to a party.</u>

*Couture*, 720 F. Supp. 3d at 1243 (citing *Troiano v. Supervisor of Elections in Palm Beach County*, 382 F.3d 1276, 1281 (11th Cir. 2004))(emphasis added).

Here, once this court weighs the evidence, then it can no longer provide the Dixon claimants with a remedy; these debts cannot be enforced. *Fla. Stat § 687.071*. Any determination regarding the claim is moot.

**6. The Dixon-generated documents establish an effective interest rate above twenty-five percent per annum, which renders the PEDixon and ZPD claims unenforceable and removes their enforcement from this court's subject-matter jurisdiction.**

On the available Dixon-generated documents, the loans violate Florida Statutes §§ 687.01 and 687.02. No later than January 2024, the stated rate of interest exceeds twenty-five percent. The Florida legislature removed from every court in Florida the authority and the power to enforce a contract or debt that violates any provision of § 687.071. Fla. Stat. § 687.071(7).

The verified pleadings and the exhibits (Docs. 203, 241 at Ex E) demonstrate that the PEDixon and ZPD claims are fundamentally usurious, whether taken separately or consolidated. That fact removes enforcement of these claims — as a cause, as a claim, or as an affirmative defense — from this court's subject-matter jurisdiction, whether by legislative mandate, by constitutional mootness, or by both.

**7. This court should bifurcate any proceeding involving the PEDixon or ZPD claims from the rest of the bankruptcy until the factual challenge to its jurisdiction is resolved.**

Until such time as the factual challenge to this court's subject-matter jurisdiction over the PEDixon and ZPD claims is resolved, this court should stay all proceeding related to the PEDixon or ZPD claims. This court should bifurcate adjudication of the factual challenge and conduct-if needed, an evidentiary hearing to present expert testimony that the PEDixon and ZPD claims are beyond this court's jurisdiction to enforce.

## RELIEF REQUESTED

The law, as applied to these facts, brings to this court's immediate attention the need to determine the enforceability of the PEDixon and ZPD claims, which in turn determine this court's subject-matter jurisdiction:

(a) Consider the extant record including ordering supplemental briefing with evidentiary support on whether the PEDixon and ZPD transactions violate *Fla. Stat. § 687.071*;

(b) sets an evidentiary hearing to allow expert accounting testimony that demonstrates the PEDixon and ZPD claims are fundamentally usurious and beyond this court's jurisdiction to enforce;

(c) bifurcate and stay any proceeding related to the PEDixon or ZPD claims until the factual challenge to this court's subject-matter jurisdiction over those claims is resolved; and

(d) grants such other relief as the court deems appropriate and fair.

6

Respectfully submitted this 5th day of July, 2026.

Frank L. Amodeo
1311 Hoffner Avenue
Orlando, Florida 32809
(407) 406-1315
flahome32801@gmail.com
Movant, pro se

## CERTIFICATE OF SERVICE

I certify that on the 6th day of July, 2026, I filed the foregoing with the Clerk of the court, who will serve a notice of electronic filing on all counsel of record, including James A. Timko, Esq., Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., counsel for PEDixon LLC and ZPD LLC.

Frank L. Amodeo