# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

FILED ORL INTAKE- USBC
14 JUL 2026 AM8:51

In re:

## HOMEMAKERS REAL ESTATE, LLC,

Debtor.

Case No. 6:25-bk-02685-GER (Voluntary Chapter 11)

---

## BENCH MEMORANDUM ON DECIDING SUBJECT-MATTER JURISDICTION FIRST AND DISQUALIFYING PEDIXON, ZPD, AND CRESCENT SOUND FROM PARTICIPATING

*Submitted for the July 14, 2026 status conference*

### QUESTION PRESENTED

Before the court hears PEDixon LLC and ZPD LLC, on any matter—above all their objection to the Rule 60 motions pending in *In re Homemakers Real Estate, LLC*, No. 6:25-bk-02685-GER (Bankr. M.D. Fla. 2025)—must the court first satisfy itself that it has power to enforce, and to allow a claim based on, the eleven loans on which those entities stake their standing to appear?

### SHORT ANSWER

Yes. Jurisdiction comes first. A federal court must establish subject-matter jurisdiction as a threshold matter, on its own motion, and no litigant can waive it, forfeit it, or confer it by consent. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The Eleventh Circuit enforces that command. *Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020). The Florida Legislature has withdrawn from



every court of this state the power to enforce a criminally usurious loan, *Fla. Stat. §
687.071(7)*, and *11 U.S.C. § 502(b)(1)* carries that withdrawal into this court. The
United States Constitution requires an active case and controversy, which requires
that a matter is not moot and the party has standing. I ask the court to decide that one
jurisdictional question first and to stay the Dixon parties' participation until it does.

## INTRODUCTION

The Dixon parties sat out the involuntary case through the order for relief and
returned only to oppose the Rule 60 motions that would restore the original voluntary
Chapter 11. Their objection rests on eleven extensions of credit—$11,225,000 in
stated principal advanced between January 2022 and September 2023—and on the
guaranties said to secure them. I welcome their return, because it lays their own
instruments on the table. A party that resists relief on the strength of a debt invites
the question whether the debt may be enforced at all. The Legislature already
answered that question, and the answer is no. *Fla. Stat. § 687.071(7)*.

Crescent Sound stands in the same doorway through a different threshold. Its
asserted interest depends on the contested 2024 conveyance of the Homemakers
membership units, and ownership of those units is now before the state court in
*Johnson v. Crescent Sound Ltd.*, No. 2026-CA-001368-O (Fla. 9th Cir. Ct. 2026).
Whether the question is the enforceability of the loans or Crescent's ownership of

2

the units, the Dixon parties' standing to appear is unresolved—and the court must resolve it before it proceeds.

**Subject-matter jurisdiction is the threshold question, and the court must decide it first, on its own motion, before reaching any matter the Dixon claims support.**

"The requirement that jurisdiction be established as a threshold matter ... is inflexible and without exception." *Steel Co.*, 523 U.S. at 94–95. A court may not assume its power to reach an easier question; the Supreme Court has condemned that shortcut by name, because "hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion." *Id.* at 101. The rule holds against every procedural objection the Dixon parties can raise. Subject-matter jurisdiction "can never be forfeited or waived," *United States v. Cotton*, 535 U.S. 625, 630 (2002); it may be raised "at any stage in the litigation, even after trial and the entry of judgment," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); and "no action of the parties can confer subject-matter jurisdiction upon a federal court," *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

The reason the sequence matters is the same reason a builder checks the deed before he pours the footings. A judgment entered on a debt the Legislature placed beyond every Florida court writes on water—it wears the shape of a judgment until

3

someone asks where the power to enter it came from, and then it is void. *Mannino v. Mannino*, 980 So. 2d 575, 578 (Fla. 2d DCA 2008).

**The Eleventh Circuit makes the rule concrete and recent: a court that reaches the merits before resolving its own power commits reversible error.**

Sitting en banc, the court held that "because standing to sue implicates jurisdiction, a court must satisfy itself that the plaintiff has standing before proceeding to consider the merits of her claim, no matter how weighty or interesting." *Lewis v. Governor of Alabama*, 944 F.3d 1287, 1296 (11th Cir. 2019). Applying *Lewis*, the court reversed a trial judge who "sidestep[ped] the standing issue and proceed[ed] directly to the merits," holding plainly that "in bypassing standing to address the merits, the district court erred." *Gardner*, 962 F.3d at 1336. The same court had said it years earlier: "standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Swann v. Sec'y, Ga.*, 668 F.3d 1285, 1288 (11th Cir. 2012).

*Gardner* also shuts the escape hatch the Dixon parties will reach for—that jurisdiction is "intertwined" with the merits and may be put off. That principle "does not ... create a broad-ranging exception to the *Steel Co.* rule" and applies only where a single statute supplies both the court's jurisdiction and the substantive claim. *Id.* at 1336–37. And a court may resolve its jurisdiction first rather than let the proponent litigate toward it; the Eleventh Circuit held that a trial court "did not err by first

4

determining whether it had subject matter jurisdiction" instead of allowing discovery. *Gilberti v. Governor of Fla.*, 835 F. App'x 508, 512 (11th Cir. 2020).

**The court can grant no remedy on these loans, and a court that can afford no relief has no live case—so however the statute is read, the matter is moot and jurisdiction is absent.**

A shorter road avoids the debate over labels. Read *Fla. Stat. § 687.071(7)* as a withdrawal of jurisdiction or as a merits defense—the result does not change, because either reading leaves the court powerless to grant any remedy on the Dixon loans. The statute says the loans "shall not be an enforceable debt in the courts of this state." *Fla. Stat. § 687.071(7)*. A court that cannot enforce cannot redress, and a court that cannot redress has nothing to decide.

That is a moot controversy. A case is not justiciable once it is "impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). The same defect carries a second name at the threshold—redressability—and it is jurisdictional. "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Steel Co.*, 523 U.S. at 107. The Dixon parties ask the court to sustain an objection built on debts the court may never enforce, and no order the court could enter would give them anything the law allows. Their request is moot, and mootness—like standing—limits the court's power rather than serving as a defense the parties may trade away. The court may



take up this ground first, and it should, because it ends the Dixon parties' participation without the court ever choosing between the jurisdictional and the merits reading of the statute.

**The Dixon parties' authority to participate is itself the threshold, because only a party in interest holding an allowable claim may be heard.**

The Code lets a "party in interest" be heard. *11 U.S.C. § 1109(b)*. A party in interest is one with a real, legally cognizable stake—an allowable claim against, or interest in, the estate. Standing to invoke the court's process is jurisdictional, *Lewis*, 944 F.3d at 1296, and the court must confirm it before it lets PEDixon and ZPD drive an objection to the Rule 60 motions. If the loans cannot be enforced and the guaranty does not bind the estate, PEDixon and ZPD hold no allowable claim and no standing to appear; and Crescent Sound's asserted interest falls with the contested unit conveyance now pending in state court. To presume that standing so the Dixon parties may litigate is the very hypothetical jurisdiction *Steel Co.* forbids.

**Section 687.071(7) withdraws from every Florida court the power to enforce a criminally usurious loan, and section 502(b)(1) carries that withdrawal into this court.**

Florida fixes two criminal thresholds—interest above 25 percent is a second-degree misdemeanor, and interest above 45 percent is third-degree felony loan sharking. *Fla. Stat. § 687.071(2), (3)*. The Legislature then commanded the judiciary: "No extension of credit made in violation of any of the provisions of this

section shall be an enforceable debt in the courts of this state." *Fla. Stat. §
687.071(7)*. The actor the statute restrains is the courts. It did not hand the borrower
a shield to raise or lower at will; it took the sword out of the courthouse. A defense
belongs to a party and can be waived; a withdrawal of the court's power belongs to
no one, and no one can give it back. A criminally usurious debt is therefore
unenforceable in full, and the lender forfeits both principal and interest. *Jersey Palm-
Gross, Inc. v. Paper*, 658 So. 2d 531, 533 (Fla. 1995) (a violation of the statute
"render[s]" the debt unenforceable and forfeits both principal and interest). The
statute reaches the guaranties directly: an "extension of credit" includes an
agreement for "forbearance," and a "debtor" includes "any person who guarantees
the repayment of a loan." *Fla. Stat. § 687.071(1)(c), (d)*.

That state-law disability governs here, because a bankruptcy court applies the
same Florida law the state courts would. Claim and property rights in bankruptcy are
creatures of state law. *Butner v. United States*, 440 U.S. 48, 55 (1979). The court
looks to state law to test a claim's validity. *Travelers Cas. & Sur. Co. of Am. v. Pac.
Gas & Elec. Co.*, 549 U.S. 443, 450 (2007). Section 502(b)(1) then disallows a claim
"to the extent that … such claim is unenforceable against the debtor and property of
the debtor, under any agreement or applicable law." *11 U.S.C. § 502(b)(1)*. The
estate cannot owe what no court of this state may enforce.

7

**The Dixon lenders' own records establish the violation, and no procedural doctrine revives a claim the Legislature made unenforceable.**

I rely on no fact the lenders dispute. PEDixon's internal loan reports, spreading payments across the aggregated portfolio, yield effective rates of 32.33 percent in 2024 and 29.10 percent in 2025—each above the 25 percent line. PEDixon drafted the instruments, PEDixon computed the charges, and PEDixon's books record the collection. And Dixon swore that the January 2024 assignment of one hundred percent of the Homemakers units—valued at $8,750,000—bought a six-month forbearance. (Doc. 69 at 9–10.) Florida calls a charge for forbearance interest. *Fla. Stat. § 687.03*. Counted as Dixon swore it, that single charge drives the effective rate to roughly 139.69 percent—past the felony line and into a loan shark's book. The court need not accept any borrower's valuation; Dixon's own sworn words supply the fact.

Because the bar is jurisdictional, no procedural doctrine revives these claims. No waiver reaches it, no limitations period bars its consideration, and no earlier order works a preclusion that resurrects a debt the Legislature made unenforceable. A void claim does not become valid because a prior tribunal failed to notice it was void. *Arbaugh*, 546 U.S. at 506.

**The court should decide the single jurisdictional fact first—on the papers or at a hearing limited to section 687.071—and stay the Dixon parties' participation until it does.**

A Rule 12(b)(1) inquiry "bifurcate[s]" into facial and factual attacks, and on a factual question the court may take evidence and find the jurisdictional facts. *Bankston v. Ala. Pub. Serv. Comm'n*, 752 F. Supp. 3d 1268, 1274 (M.D. Ala. 2024). A bankruptcy court runs the same path: where a jurisdictional fact is intertwined with a foundational element, the court assumes jurisdiction and tests the issue under a summary-judgment standard rather than deciding the merits for the claimant. *In re Reynolds*, No. 17-20026-MAM, 2020 WL 1969455, at *4 (Bankr. S.D. Fla. Apr. 23, 2020). Here the jurisdictional fact—the usury rate—is discrete and printed in the lenders' own books, so the court can resolve it now or at a short hearing limited to *Fla. Stat. § 687.071*. Until it does, the court should not let the Dixon parties press their Rule 60 objection or any other claim-driven matter.

**The waivable-defense and intertwinement answers fail, and each independent ground reaches the same result.**

**Waivable defense.** The Dixon parties will call usury a waivable affirmative defense. The cases that say so construed the pre-1969 civil-usury statute. *Yaffee v. Int'l Co.*, 80 So. 2d 910 (Fla. 1955); *Sodi, Inc. v. Salitan*, 68 So. 2d 882 (Fla. 1953). The 1969 enactment of section 687.071 added what the old regime lacked—criminalization and the forum-court withdrawal of subsection (7), which speaks to judicial power, not litigant strategy. *Gunn Plumbing, Inc. v. Dania Bank*, 252 So. 2d

1 (Fla. 1971), enforced a stipulated waiver in a routine note whose rate never neared the criminal line and never confronted subsection (7).

**Intertwinement.** They will next say jurisdiction is intertwined with the merits and must wait. *Gardner* forecloses that as a general escape from *Steel Co.*, 962 F.3d at 1336–37, and *Gilberti* confirms the court may decide jurisdiction first. At most, intertwinement changes the procedure—assume and test under a Rule 56 standard, *Reynolds*, 2020 WL 1969455, at \*4—it never licenses a merits ruling for the Dixon parties before their standing is confirmed.

**Same result on the alternative ground.** Even read as a rule of claim allowance rather than of jurisdiction, section 687.071(7) compels the same disposition: section 502(b)(1) disallows the claims as unenforceable under Florida law, and a claimant with no allowable claim is no party in interest able to drive the Rule 60 objection. And in either direction, the no-remedy bar shown above leaves the objection moot. *11 U.S.C. § 502(b)(1)*.

**Independent ground.** The guaranty is separately unenforceable against the estate, because Homemakers Real Estate, LLC never signed it—only Johnson signed, and his capacity line is *descriptio personae*, not an execution by the company. *Fla. Stat. § 725.01*. This ground reinforces the usury bar; it does not depend on it.

## RELIEF REQUESTED

The law, applied to the lenders' own records, requires the court to:

(a)  determine, as a threshold matter, whether the PEDixon and ZPD extensions of credit violate Fla. Stat. § 687.071, or set a short evidentiary hearing limited to that question;

(b)  stay any consideration of the Dixon parties' objection to the Rule 60 motions, and of any other claim-driven matter, until the jurisdictional question is resolved;

(c)  on a finding of violation, disallow the PEDixon and ZPD claims under Fla. Stat. § 687.071(7) and 11 U.S.C. § 502(b)(1), overrule their Rule 60 objection, and disqualify PEDixon, ZPD, and Crescent Sound from further participation in matters resting on those claims and the contested units; and

(d)  grant the further relief that gives effect to the Legislature's command that no court of this state enforce a debt made in violation of Fla. Stat. § 687.071.

The Florida Legislature has already decided this question. The law requires that these claims not be enforced, and that those who hold them not be heard on the strength of them.

Respectfully submitted this 14th day of July, 2026.

Frank L. Amodeo
*Pro se*
1311 Hoffner Avenue
Orlando, Florida 32809
(407) 406-1315
flahome32809@gmail.com

## CERTIFICATE OF SERVICE

I certify that on the 14th day of July, 2026, I filed the foregoing with the Clerk of the court using the CM/ECF system, which will serve a notice of electronic filing on all counsel of record, including counsel for PEDixon LLC and ZPD LLC.

_____

Frank L. Amodeo

13