UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

HOMEMAKERS REAL ESTATE, LLC,

CASE No. 6:25-bk-02685-GER
Chapter 11

       Debtor.

## RESPONSE TO FRANK L. AMODEO'S MOTION FOR SANCTIONS UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011

James A. Timko and Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth (collectively "Dean Mead"), hereby files this Response to Frank L. Amodeo's Motion for Sanctions Under Federal Rule of Bankruptcy Procedure 9011 (the "Motion") Doc No. 100, and respectfully states:

## PERTINENT BACKGROUND[1]

Amodeo seeks Rule 9011 sanctions, not from the parties to the litigation (Pedixon, LLC ("Pedixon") and ZPD, LLC ("ZPD")), but from their counsel.[2] He claims that by Dean Mead relying on documents that that were signed by Horton Johnson and an affidavit from a notary that states the relevant documents were notarized at Johnson's or Amodeo's behest, that Dean Mead presented knowingly false documents to this Court. The two documents at issue consist of that certain Assignment of Membership Interests signed by Horton Johnson (the "Assignment") and a certain Trust Deed.

---

[1] Amodeo filed two motions seeking 9011 sanctions. The Motion and a second motion is the related case no. 25-bk-005570-GER. Dean Mead is filing a separate response in that case for clarity's sake.

[2] There is a reason for this. The Motion was filed prior to Dean Mead's withdrawal. Amodeo, individually or through his proxies, has continually attacked Pedixon's and ZPD's counsel. This includes meritless sanction letters and even Florida Bar complaints and lawsuits against prior counsel. Amodeo and his proxies even filed a complaint against their former employee – the notary who is a subject of the Motion. Amodeo has attacked Homemakers' prior counsel in testimony and filings before this Court. That particular counsel has over forty-years of experience.

6616255.v1

The issue raised in this case was whether Horton Johnson had the requisite corporate authority to file a bankruptcy case on behalf of Homemakers. The Assignment was attached to the Motion to Dismiss this case. The Trust Deed was never submitted to this Court by either party in this case.

The Assignment was not signed electronically through Docusign, it is a "wet" signature. Johnson has repeatedly changed his story about the Assignment. Initially, Johnson claimed he did not sign the Assignment. He then almost immediately dropped that claim. In his Affidavit attached to the Motion, he carefully does not affirmatively claim that he did not sign the Assignment or the Trust Deed. Rather, he claims that the notary, which was his employee, was not present when he signed the document.[3]

Dean Mead did not prepare the Assignment or Trust Deed, was not involved with underlying transaction, and Dean Mead has no personal knowledge regarding the preparation and execution of the documents.

The Assignment was the basis for a Motion to Dismiss this case due to Johnson's lack of authority to file the bankruptcy petition. During the dismissal proceedings, Homemakers and Johnson did not affirmatively challenge the Assignment or raise any issues with any notarizations. Indeed, Homemakers informed the Court it did not need to conduct discovery or an evidentiary hearing and that the Court could rely on the documents attached to its Response to the Motion to Dismiss. Those documents included a copy of the Assignment and did not include the Trust Deed.

The Court then required the parties to provide supplemental briefing. The Court ultimately determined that Johnson did not have corporate authority to commence this case. As stated in the

---

[3] Upon research, counsel did not find case law stating that a notary is required for the Assignment to be legally effective. In other words, legally, even if there is an issue with the notary, Johnson signed a document assigning his interests and the notary was not necessary to give it effect.

Dismissal Order, the existence of the assignment of Johnson's membership interest in Homemakers and the existence of the Land Trust was not in dispute:

> Movant and Debtors agree that prior to the Petition Date, Mr. Johnson, assigned all of his right, title and interest in 100% of Debtor's membership interests (the "Membership Units") to the Land Trust. The parties also agree that Crescent Sound Ltd., was the trustee of the Land Trust on the Petition Date.

(Doc. No. 73, Dismissal Order, Pg. 2). As a result of Homemakers acknowledging the existence of the Land Trust, it acknowledged the Trust Deed.

Amodeo was not involved in the dismissal proceedings relating to this case. He did not appear *pro se* and he did not file a claim.

Later, in this case, after the related involuntary proceeding was filed and fully litigated, Johnson filed certain Motions to Vacate this Court's Order dismissing this Case. (Doc. No.'s 88 and 89). Johnson asserted that the Dismissal Order should be vacated under Rule 60. In the Omnibus Response (Doc. No. 93), Dean Mead's clients asserted that the Motions to Vacate should be denied because the Motions to Vacate did not present a basis for relief under Rule 60. Furthermore, while not central to the Omnibus Response, documents were attached to the Omnibus Response to dispel or at least establish there was a factual dispute with respect to several claims made by Johnson that the documents were a forgery due to an insufficient notarization. These documents included an affidavit of the notary, an employee of entities related to Homemakers, Tiered Capital and Sherwood Construction, Inc. The notary was under the supervision of Johnson and Amodeo, among others, and testified she would not notarize documents without the instruction of Johnson, Amodeo or their business partners. The notary also testified she did not take instructions to notarize documents from counsel for Pedixon and ZPD.

On July 14, 2026, the Court announced its ruling that it would deny the Motions to Vacate for failure to state a claim. On July 21, 2026, the Court entered its Order denying the Motions to

Vacate (Doc. No. 107). The Court did not refer to the affidavit of the notary or any of the factual disputes in its ruling. The Court relied on Johnson's failure to state a claim under Rule 60.

## ARGUMENT

**Amodeo Did Not Properly Notice the Motion.**

On May 5, 2026, Amodeo served Dean Mead with a letter and proposed motion for Rule 9011 sanctions (the "Safe Harbor Letter"). The proposed motion relates to a separate but related proceeding (case no. 25-bk-005570-GER). Further, the Motion is different than the proposed motion that Mr. Timko was served with. The Motion refers to statements made in the Omnibus Response to the Motions to Vacate (Doc. No. 93) filed a month after Dean Mead was served with the Safe Harbor Letter. By definition, Amodeo could not be claiming that Dean Mead made sanctionable statements of facts in a Court filing before the filing occurred and he failed to timely serve Dean Mead with the Safe Harbor Letter as to the Omnibus Response.

Mr. Amodeo also failed to timely serve Dean Mead with the Safe Harbor Letter. To be timely, a safe harbor notice must be served before a Court rules on a matter, otherwise the non-movant will not have the opportunity to withdraw its claim or argument during the safe harbor period. See In re New Dry Dock, Inc., 461 B.R. 642, 646 (Bank. S.D. Fla 2011). Here, Mr. Amodeo refers to statements made in docket no.'s 12, 35, and 69, which were all filed during the Motion to Dismiss proceedings. The Court ruled on these filings when the Court entered the Dismissal Order and serving the Safe Harbor Letter after the case was dismissed violates the safe harbor provided by Rule 9011.

**There is No Basis For Rule 9011 Sanctions.**

On July 13, 2026, Amodeo filed the Motion. He claims that despite Homemakers submitting and relying on the Assignment in the Motion to Dismiss proceedings, Homemakers

4

agreement that the Tiered Trust was established, no issue regarding the Trust Deed being raised during the dismissal proceedings, Dean Mead's clients never directly relying on or submitting the Trust Deed to the Court, the parties conducting their business as if the Land Trust was in place, and the notary signing an affidavit stating that Amodeo and Johnson authorized the notarization of the documents, that Dean Mead should have known that these documents were forgeries.[4]  This argument is absurd. Further, no Court has made a determination as to whether the Assignment and Trust Deed were properly notarized and in effect. As a result, the Motion is premature.

Rule 9011 sanctions are warranted when: (1) the papers are frivolous, legally unreasonable, or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose. In re Mroz, 65 F.3d 1567, 1573 (11th Cir. 1995). When confronted with a motion for sanctions, the court must conduct a two-step inquiry: first, determine whether the party's claim is objectively frivolous in view of the law or facts; and second, if it is, determine whether the person signing the document should have been aware that it was frivolous. Id., In re Edgewood Food Mart, 664 B.R. 893 (Bankr. N.D. Ga. 2024). The court's inquiry is limited to the merits of the pleading gleaned from the facts and law known or available to the attorney at the time of filing — the court must avoid using the wisdom of hindsight. In re Mroz, 65 F.3d 1567 (11th Cir. 1995). A pleading is factually frivolous where the party has absolutely no evidence to support its position. Id. A pleading is legally frivolous where it is clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify, or reverse the law as it stands. Edgewood Food Mart, 664 B.R. at 900. The failure of proof at trial alone is not necessarily sufficient to

---

[4] The legal effect or deficiencies in the notarizations is a disputed issue and will likely be determined in this Court or in the various state court proceedings Johnson has threatened or has filed. Just because a two-time felon who is subject to a guardianship Order states something is true and not subject to challenge does not make it so.

6616255.v1

support sanctions, but the lack of evidence to support factual assertions or legal theories is an important element in the analysis. Mroz, 65 F.3d at 1573.

For the improper purpose prong, the inquiry focuses on why the nonmovant filed the pleading. Because direct evidence of a party's subjective purpose is rarely available, this too is an objective inquiry: the court looks to objectively ascertainable circumstances that support an inference that the non-movant's purpose for filing was improper. Edgewood Food Mart, 664 B.R. at 893. The reasonableness of a pre-filing inquiry may depend on several factors: the time available to the signer for investigation, whether the signer had to rely on a client for information as to the underlying facts, and whether the paper was based on a plausible view of the law. Mroz, 65 F.3d at 1573. Rule 9011 does not impose a continuing obligation after the filing of a pleading to evaluate its position or obtain more information as a case develops. Id. at 1574.

Amodeo's Motion fails under all of the above factors. Several of the motions were submitted a year or more ago, at time when the parties agreed the Land Trust was established and the Assignment was executed. Dean Mead did not have personal knowledge regarding the execution of the documents. With respect to the Omnibus Response, any reliance on the existence of the Assignment is based on the document itself, Homemakers own claims that the Assignment occurred and the Court's Dismissal Order. Any claims about the notarization of the Assignment are supported by an affidavit of the notary. Any claims that the Trust Deed was not properly signed is clearly in dispute and there is substantial evidence supporting the existence of the Land Trust (the parties' agreement the Land Trust existed, the parties acting under the Land Trust, this Court's ruling, the recorded document, etc.). Indeed, the Land Trust was never challenged until Amodeo and his followers lost on the Motion to Dismiss and began flailing about filing multiple motions,

6

6616255.v1

an involuntary bankruptcy petition, lawsuits, bar complaints against prior counsel, and a complaint against their former employee – the notary.[5]

As to the Trust Deed, Homemakers already agreed that the Tiered Trust was established and whether or not the Trust Deed was properly notarized or is some sort of forgery was never litigated in this case.

Further, the fact that there is legal support for the arguments made in the Omnibus Response to the Motions to Vacate is established by the Court's ruling in Dean Mead's clients' favor when it determined that Johnson failed to raise a basis for relief under Rule 60.

Finally, the only rulings of any Court regarding the Assignment and the existence of the Land Trust were in favor of Dean Mead's clients. By definition, Dean Mead made non-frivolous arguments throughout these proceedings.

With respect to the claim of an improper purpose, Dean Mead's clients clearly have the right to defend their rights under the Assignment and the Tiered Trust. These rights were established by Homemakers' agreement that the Tiered Trust existed, the Assignment was made, and this Court's Order dismissing this bankruptcy case.

**Mr. Amodeo has No Standing to File this Motion and He is Violating a Court Order.**

As an initial matter, Amodeo lacks the required standing to pursue the relief requested in the Motion. Amodeo claims that Dean Mead should be sanctioned for meritoriously and successfully obtaining the dismissal of this case. He claims this caused the estate millions of dollars in damages and Dean Mead should be sanctioned for successfully representing its clients. Presumably, Amodeo is seeking this sanction to be paid to the estate and not himself, since he did

---

[5] As this Court is aware, while Johnson filed a state court complaint for declaratory relief to address the status and existence of the Land Trust, Amodeo and his cronies have attempted to raise issues regarding the Land Trust multiple times in this Court and those efforts were denied because it was not directly relevant to the proceedings before the Court. The Motion is an extension of those efforts.

6616255.v1

not even appear in the dismissal proceedings. However, this case was dismissed and there is no estate under this case number to pay. To the extent Amodeo is seeking a recovery in the pending related bankruptcy case, only the duly appointed chapter 11 trustee has standing to assert claims on behalf of the estate. See Parker v Wendy's International, Inc., 365 F.3d 1268, 1273 (11th Cir. 2004). As a result, Amodeo does not have standing to pursue the relief he is seeking.

Amodeo lacks standing for a second reason. During the dismissal proceedings, Amodeo did not appear in this case. He did not file a proof of claim and the claim he filed in the latter related case was for a loan he made after this case was dismissed. In order to assert a claim for sanctions under Rule 9011, Amodeo must show that he is more than a party-in-interest in the bankruptcy case.  He must show he has a direct pecuniary stake in the outcome of the underlying proceeding. Thakkar v Good Gateway, LLC, 636 B.R. 917, 921 (N.D. Ga 2022) (citing In re Westwood Cmty. Two Ass'n, Inc., 293 F.3d 1332, 1335 (11th Cir. 2002). Here, Amodeo cannot establish he is a party in interest in this bankruptcy case, and because this case is dismissed, Amodeo has no basis in any pecuniary recovery. The Motion should be denied.

**An Award of Attorney's Fees and Costs is Appropriate**

Rule 9011(c)(2)(C) states the Court may award attorneys' fees and costs to the prevailing party in opposing a Rule 9011 motion. Here, such an award is necessary because the Motion itself is frivolous but also to deter Amodeo from filing similar meritless motions in the future, whether it is against Dean Mead, the chapter 11 trustee, or others. It should not be lost on anyone that Homemakers and Johnson, the parties with a direct stake in these matters, did not seek sanctions. There is no question the Motion was filed to harass Dean Mead and to litigate the Land Trust issues before this Court. Amodeo has established himself as a vexatious litigant who completely ignored the guardianship's court's prior Order resulting in the striking of his pleadings. Further, despite his

8

6616255.v1

attempts at being affable in Court, his lifetime pattern of conduct reflects a complete refusal to follow the law or orders of a court. Dean Mead respectfully requests that the Court issue a judgment for reasonable fees and costs.

DATED: August 12, 2026.

/s/ James A. Timko
JAMES A. TIMKO, ESQ.
Florida Bar No. 0088858
**DEAN, MEAD, EGERTON, BLOODWORTH,
CAPOUANO & BOZARTH, P.A.**
420 S. Orange Avenue, Suite 700
Orlando, Florida 32801
Telephone:     407-841-1200
Facsimile :     407-423-1831
Email:          jtimko@deanmead.com

6616255.v1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 12, 2026, I electronically filed the foregoing with the Clerk of Court through CM/ECF system which will send a Notice of Electronic Filing to all counsel of record and served this Response by regular mail to:

Frank L. Amodeo
1311 Hoffner Avenue
Orlando, FL 32809

/s/ James A. Timko
JAMES A. TIMKO, ESQ.

10

6616255.v1