**ORDERED.**

**Dated: September 30, 2026**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Homemakers Real Estate, LLC, | ) | Case No. 6:25-bk-02685-GER |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

## ORDER ELABORATING ON ORDER DENYING MOTIONS TO VACATE

THIS CASE came before the Court on Motions to Vacate[1] the Dismissal Order[2] filed by Horton S. Johnson ("Mr. Johnson") and the Response[3] filed by PEDixon LLC and ZPD LLC (collectively, "Respondents"). The Court orally announced its ruling denying the Motions to Vacate at a hearing conducted on July 14, 2026 and subsequently entered the *Order Denying Motions* (Doc. No. 107) (the "Order"). Herein, the Court further explains its ruling.[4]

---

[1] The *Motion to Vacate Order Dismissing Case Pursuant to Federal Rules of Civil Procedure 60(b)(1), and 60(d)(3)* (Doc. No. 88) (the "First Motion to Vacate") and the *Motion to Vacate Order Dismissing Case Pursuant to Federal Rule of Civil Procedure 60(b)(3) Based on Newly-Disclosed Misrepresentation by Kenneth G. Dixon* (Doc. No. 89) are collectively referred to as the "Motions to Vacate."

[2] *Order Dismissing Case* (Doc. No. 73) (the "Dismissal Order").

[3] *Omnibus Response to Motion to Vacate or Dismissing Case (Doc. No. 88 and Doc. No. 89)* (Doc. No. 93) (the "Response"). Mr. Johnson also filed a reply to the Response. *See Movant's Omnibus Reply in Support of the Motions to Vacate (Doc. 88 and Doc. 89) and in Response to the Objection of PEDixon LLC and ZPD LLC (Doc. 93)* (Doc. No. 94) (the "Reply").

[4] *See* Order ¶ 5 (citing *Educ. Credit Mgmt. Corp. v. Mosley (In re Mosley)*, 494 F.3d 1320, 1328 (11th Cir. 2007)).

**RELEVANT BACKGROUND**

On June 27, 2025, the Court dismissed this case, after finding that Crescent Sound Ltd., as trustee ("Crescent Sound") of the Tiered Land Trust (the "Land Trust"), held legal and equitable ownership of the membership units of Homemakers[5] based on a January 9, 2024 Assignment,[6] and was the only person or entity authorized to file or ratify Homemakers' bankruptcy petition. The Court also found there was no evidence of either authorization or ratification by Crescent Sound. A party in interest, Tiered Capital, filed a motion for reconsideration of the dismissal, arguing that new evidence demonstrated Crescent Sound had been removed as trustee of the Land Trust and the beneficiaries of the Land Trust had ratified the filing of the bankruptcy petition.[7] The Court denied the motion for reconsideration, finding that the "new" arguments and "new" evidence were not new, but in fact available to the parties but not raised to the Court before the Court made its ruling.[8] The case was closed thereafter on December 23, 2025.

On September 2, 2025, less than two weeks after the Court entered the Order Denying Reconsideration, Tiered Capital filed an *involuntary* chapter 11 petition,[9] commencing Case No. 6:25-bk-05570-GER (the "Involuntary Case").[10] Homemakers filed a motion to dismiss the Involuntary Case,[11] arguing that the involuntary petition was filed in bad faith and the requirements

---

[5] "Homemakers" refers to Debtor Homemakers Real Estate, LLC.
[6] The "Assignment" refers to the *Assignment of Membership Units*. A copy of the Assignment is attached as Exhibit C to the *Motion to Dismiss Bankruptcy Case for Lack of Corporate Authority* (Doc. No. 12).
[7] *See Tiered Capital, Inc's Motion for Reconsideration of the June 27, 2025 Order Dismissing the Case [Doc. 73]* (Doc. No. 76).
[8] *See Order (1) Denying Motion for Reconsideration and (2) Denying as Moot Motion for Evidentiary Hearing* (Doc. No. 85) (the "Order Denying Reconsideration").
[9] Unless otherwise specified, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.
[10] *See* Involuntary Case, Doc. No. 1. Doc. Nos. in the Involuntary Case are referred to as "Involuntary Case, Doc. No. ___."
[11] *Motion to Dismiss Involuntary Bankruptcy Petition* (Involuntary Case, Doc. No. 7) (the "Motion to Dismiss Involuntary").

of § 303 were not met. After months of litigation, multiple hearings, and a trial, the Court entered an order for relief in the Involuntary Case.[12]

Before the Order for Relief was entered and shortly before the Court conducted a trial on the Involuntary Case, Mr. Johnson also filed a Chapter 7 Case purportedly on behalf of Homemakers, requesting declaratory relief as to his ownership and control of Homemakers and his ability to file a bankruptcy petition on Homemakers' behalf.[13] On the same day the Chapter 7 Case was filed, Mr. Johnson also filed the Motions to Vacate, seeking to vacate the Dismissal Order under Rule[14] 60(b)(1), 60(b)(3), and 60(d)(3).[15] In response to the Motions to Vacate, Respondents argued that the Rule 60 standards were not met and the requested relief was moot in light of the entry of the Order for Relief in the Involuntary Case. Mr. Johnson filed his Reply arguing that granting the relief would enable the estate to claw back transfers that may be recoverable under §§ 547 or 549. In support of the Motions to Vacate, Mr. Amodeo argued that the estates could be consolidated under Bankruptcy Rule 1015(a).[16]

The Court found that it was inappropriate to vacate the Dismissal Order and entered the Order.

---

[12] *See Order (1) Denying Motion to Dismiss and Motion to Abstain, (2) Entering Order for Relief, and (3) Setting Deadlines,* Involuntary Case, Doc. No. 229 (hereinafter, the "Order for Relief").

[13] *See In re Homemakers Real Estate, LLC*, No. 6:26-bk-01776-GER (Bankr. M.D. Fla. filed Mar. 13, 2026) (the "Chapter 7 Case"). Doc. Nos. in the Chapter 7 Case are referred to as "Chapter 7 Case, Doc. No. ___." The Court subsequently dismissed the Chapter 7 Case. *See Order (1) Dismissing Case and (2) Denying Pending Requests for Relief as Moot* (Chapter 7 Case, Doc. No. 40).

[14] Unless specified otherwise, all "Rules" or "Rule" references are to the Federal Rules of Civil Procedure and all "Bankruptcy Rules" or "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure.

[15] Rule 60 is made applicable by Bankruptcy Rule 9024.

[16] This written argument was docketed in the Involuntary Case. *Frank Amodeo's Argument in Support of Granting the Rule 60 Motions and His Motion Under Rule 1015(a), to Consolidate the Homemakers' Bankruptcy with the Involuntary Bankruptcy* (Involuntary Case, Doc. No. 241); *Frank Amodeo's Post-Hearing Brief on Bankruptcy Rule 1015(a), Jurisprudence* (Involuntary Case, Doc. No. 247).

## DISCUSSION

Mr. Johnson sought relief under Rule 60(b)(1), (b)(3) and (d)(3). The Court will address the arguments in turn.

### *A. Rule 60(b) Relief*

Rule 60(b) provides:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A party "seeking relief bears a heavy burden of demonstrating 'a justification so compelling'" a court is "required to vacate its order."[17] In the Eleventh Circuit, there is a "high standard for granting postjudgment relief under Rule 60(b)."[18] "It is not an abuse of discretion for the district court to deny a motion under Rule 60(b) when that motion is premised upon an argument that the movant could have, but did not, advance before the district court entered judgment."[19] "Nor is it an abuse of discretion for the district court to deny a motion under Rule 60(b) when the judgment or order from which the movant seeks relief was entered as a result of the movant's choice to rely on an unsuccessful legal theory."[20] "A Rule 60(b) motion is not an appropriate vehicle 'to relitigate

---

[17] *Auto-Owners Ins. Co. v. Ralph Gage Contracting, Inc.*, 748 F. App'x 967, 969 (11th Cir. 2018) (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006)). In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.
[18] *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007).
[19] *Maradiaga v. United States*, 679 F.3d 1286, 1294 (11th Cir. 2012) (citing *Couch v. Travelers Ins. Co.*, 551 F.2d 958, 960 (5th Cir. 1977)); *cf. Auto-Owners Ins.*, 748 F. App'x at 968-69 (recognizing that the denial of a Rule 60(b) motion is reviewed under an "abuse of discretion" standard (first citing *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984); and then citing *Cano*, 435 F.3d at 1342)).
[20] *Maradiaga*, 679 F.3d at 1294 (citing *Fed.'s Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977)).

the merits of claims or defenses, or to raise new claims or defenses that could have been asserted during the litigation of the case.'"[21]

### *i. Rule 60(b)(1) – Alleged Mistake of Law*

The primary function of Rule 60(b)(1) is to allow a court to "reconsider and correct its own [legal] errors, particularly if they are of an obvious nature amounting to little more than clerical errors."[22] "However, a Rule 60(b)(1) motion is not an appropriate vehicle for a litigant who simply believes that a court has misapplied the law. 'The orderly process of appeal usually is far more appropriate to deal with such errors.'"[23] "[A]n attorney's negligence alone does not qualify for relief under Rule 60(b)(1)."[24]

Mr. Johnson contends that relief under Rule 60(b)(1) is appropriate because the dismissal rests on a "false premise" that a valid Florida land trust existed, and because the trustee's deed was unrecordable or forged, the Florida Land Trust Act[25] should not have applied. The allegation of a forged deed and argument on the inapplicability of the Florida Land Trust Act were not presented to the Court before entry of the Dismissal Order. The record before the Court reflected that the parties agreed that Mr. Johnson had assigned all of his right, title, and interest in 100% of the membership units to the Land Trust and that Crescent Sound was the trustee of the Land Trust as of the petition date.

---

[21] *Peers v. Brown*, No. 8:20-cv-1619-MSS-AEP, 2021 WL 12310689, at *2 (M.D. Fla. Nov. 5, 2021) (quoting *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1291-92 (11th Cir. 2004) (Edmondson, C.J., specially concurring in part and dissenting in part)).

[22] *Strawser v. Strange*, 100 F. Supp. 3d 1276, 1284 (S.D. Ala. 2015) (quoting *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977)).

[23] *McKinney v. United States*, No. 2:23-cv-539-RAH, 2026 WL 981007, at *2 (M.D. Ala. Apr. 13, 2026) (quoting *Fackelman*, 564 F.2d at 736).

[24] *SEC v. Pitters*, No. 09-20957-CIV, 2011 WL 4527811, at *4 (S.D. Fla. Sept. 28, 2011) (first citing *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993); then citing *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile Cnty.*, 920 F.2d 788, 792 (11th Cir. 1991); and then citing *United States v. One Hundred Sixty-Four Thousand One Hundred Dollars in U.S. Currency*, No. 07-80373, 2007 WL 3171371, at *2 (S.D. Fla. Oct. 25, 2007)).

[25] The "Florida Land Trust Act" refers to section 689.071 of the Florida Statutes.

Homemakers elected not to seek an evidentiary hearing, agreed that the Court could rely on the documentary record and argument submitted by the parties, and agreed for purposes of the Court adjudicating the issue of corporate authority, that the Assignment was validly made to the Land Trust. On that record, the Court applied the Florida Land Trust Act and made findings based on undisputed facts and documents. The Dismissal Order specifically found Crescent Sound held legal and equitable ownership of Homemakers' membership units, that Mr. Johnson lacked authority to file the bankruptcy petition, and no evidence was presented that Crescent Sound ratified the filing of the bankruptcy petition. Rule 60(b)(1) does not function as a vehicle to relitigate new theories or belated factual disputes that could have been raised earlier through discovery or an evidentiary hearing. Rule 60 is not a substitute for appeal and that tactical choices not to pursue discovery or evidentiary testing do not convert later-developed contentions into "mistake" by the Court.[26]

On this record, the Court did not commit a mistake of law in applying the Florida Land Trust Act to the parties' undisputed premise at the time of dismissal.

***ii. Rule 60(b)(3) – Alleged Newly Disclosed Misrepresentation***

"To prevail under Rule 60(b)(3), the movant must prove fraud or misrepresentation by clear and convincing evidence."[27] Rule 60(b)(3) targets judgments unfairly obtained through misconduct.

Mr. Johnson argues that Respondents obtained dismissal through a misrepresentation that the Assignment was an absolute transfer that in turn prevented full and fair presentation of an

[26] *See McKinney*, 2026 WL 981007, at *2 (quoting *Fackelman*, 564 F.2d at 736).
[27] *Santiago v. Sec'y, Dep't of Corr.*, No. 8:22-cv-2655-CEH-CPT, 2026 WL 67201, at *1 (M.D. Fla. Jan. 8, 2026) (citing *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007)).

equitable-mortgage theory.[28] Mr. Johnson argues the evidence is new based on a May 5, 2026 letter from Respondents' counsel sent in response to a civil theft demand that states the Assignment "would have been returned" if the debts owed to Respondents were paid. Mr. Johnson contends the letter contradicts the earlier sworn declaration of Mr. Dixon that the Assignment was "total" with "no return to Johnson." Respondents contend the letter's phrasing does not alter the legal effect of the executed Assignment and trust documents on which the Court relied, does not concede collateralization, and, in any event, Homemakers chose not to conduct discovery or seek an evidentiary hearing to explore intent, thereby failing to show that any opponent conduct prevented a full and fair presentation. The Court finds that Mr. Johnson has not carried his burden under Rule 60(b)(3).

First, the letter post-dates the dismissal by more than ten months and, standing alone, does not establish that the earlier evidentiary record was procured by fraud or misrepresentation. The letter is advocacy in a different dispute context and does not, by itself, establish an earlier misrepresentation that the Court relied upon in its ruling dismissing the case. The Dismissal Order rested on the text of the Assignment, the Operating Agreement, the agreed status of Crescent Sound Ltd. as trustee as of the petition date, and the absence of any evidence of trustee ratification, not on any concession that the Assignment was absolute and not "collateral" for a debt.

Second, the record demonstrates that Homemakers and Mr. Johnson had a full and fair opportunity to present the equitable-mortgage theory, including by requesting an evidentiary hearing to explore intent, but elected instead to rely on submitted documents. Respondents' opposition

---

[28] In response to the motion to dismiss this case, Homemakers argued that the Assignment was executed as security for debt (citing Fla. Stat. § 605.0502) and/or that the Assignment was Mr. Johnson's manifestation of an intent to create a trust relationship for his benefit; as a result, the Assignment did not transfer Mr. Johnson's management rights (i.e., corporate authority) over Homemakers. *See Debtor's Response to Motion to Dismiss Bankruptcy Case for Lack of Corporate Authority* (Doc. No. 24); *Debtor's Supplemental Brief in Opposition to Motion to Dismiss* (Doc. No. 70).

accurately notes that Homemakers and Mr. Johnson elected not to pursue discovery or an evidentiary hearing and asked the Court to decide on the papers. That strategic choice, not misconduct by the adverse parties, accounts for any lack of evidentiary development.[29]

Third, to the extent Mr. Johnson argues that the Court would have recharacterized the Assignment as collateral to secure a debt, that legal theory was available and was in fact argued.[30] The Court rejected it on the record presented.[31] On reconsideration, the Court again found that nothing newly presented altered the conclusion that only the trustee could authorize or ratify the filing and that no ratification occurred. "[E]vidence already in the movant's possession cannot form the basis for relief under Rule 60(b)(3)."[32]

Mr. Johnson has not met his burden to demonstrate by clear and convincing evidence either the requisite misconduct or that such misconduct prevented a full and fair presentation.

### *B. Rule 60(d)(3) – Alleged Fraud on the Court*

Mr. Johnson also invokes Rule 60(d)(3), asserting that Respondent's counsel presented a forged trustee's deed to the Court, which the Court relied on in making its ruling. Mr. Johnson argues this was a foundational document, without which "there was no recorded transfer of real property, no valid land trust, and no basis for applying the Florida Land Trust Act."[33]

Fraud on the court under Rule 60(d)(3) is "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial

---

[29] *See, e.g.*, *Armstrong v. The Cadle Co.*, 239 F.R.D. 688, 695 (S.D. Fla. 2007) ("A party cannot successfully bring a Rule 60(b)(3) motion where the 'pursuit of the truth was [not] hampered by anything except [the movant's] own reluctance to undertake an assiduous investigation.'" (alterations in original) (first quoting *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 773 (5th Cir. 1995); and then citing *Town House Dep't Stores, Inc. v. Ahn*, 2003 Guam 6 ¶ 57 (Guam Mar. 7, 2003))); *see also Maradiaga*, 679 F.3d at 1294 (citing *Fed.'s Inc.*, 555 F.2d at 583).
[30] *See supra* note 28.
[31] *See* Dismissal Order at 3.
[32] *Santiago*, 2026 WL 67201, at *1 (citing *Cox Nuclear Pharmacy, Inc.*, 478 F.3d at 1315).
[33] First Motion to Vacate at 10.

machinery cannot perform in the usual manner its impartial task of adjudging cases."[34] "Where relief from a judgment is sought under this rule, the fraud must be established by clear and convincing evidence."[35]

> Neither perjury nor fabricated evidence constitutes fraud upon the court for purposes of this rule, as both can and should be exposed at trial. Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court.[36]

Mr. Johnson's fraud allegations rest on disputed facts that were neither presented nor prevented from being presented at the time. Homemakers itself relied on and acknowledged the existence of the Land Trust and Assignment, and it agreed that Crescent Sound was the trustee of the Land Trust in opposing dismissal. No party raised the issue of whether the deed was forged in connection with the Court's determination of corporate authority to file the bankruptcy petition. The record does not establish by clear and convincing evidence an egregious fraud that prevented the Court from performing its adjudicative function. To the contrary, the Court's ruling was based on the documentary record that the parties asked the Court to consider, as well as supplemental briefing on narrowly framed authority issues.

For these reasons, Mr. Johnson has not met the high burden for relief under Rule 60(d)(3).

### ***C. Additional Arguments***

To the extent Mr. Johnson renews arguments rejected as part of this Court's Order Denying Reconsideration, those contentions do not supply a basis for Rule 60 relief. Respondents also argue vacating the dismissal is moot based on the pendency of the Involuntary Case, the Court need not

---

[34] *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (quoting 7 *Moore's Federal Practice* ¶ 60.33).
[35] *Hunt v. Nationstar Mortg., LLC*, 782 F. App'x 762, 767 (11th Cir. 2019) (citing *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987)).
[36] *Id.* (citation omitted) (first citing *Travelers Indem. Co.*, 761 F.2d at 1552; and then citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)).

reach a decision on mootness because the Motions to Vacate fail on the merits under Rule 60(b)(1), (b)(3), and (d)(3).

# # #

The Clerk’s Office is directed to serve a copy of this Order on all interested parties.